CONGRESS & EMPIRE SPRING CO. (KNOWLTON v.). See Cases Nos. 7,902 and 7,903.

CONINE v. The DEER. See Cases Nos. 3,-737–3,739.

CONINGHAM (NEALE v.). See Case No. 10,067.

CONKLIN (UNITED STATES v.). See Case No. 14,845.

## Case No. 3,100.

CONKLING v. BUTLER et al.

[4 Biss. 22.][1]

Circuit Court, D. Indiana. May Term, 1865.

RECEIVER—JURISDICTION TO COMPEL ACCOUNTING.

1. A receiver cannot be called on to account before any court but that which appointed him.

2. Where a state court, on a petition under the Indiana statutes to dissolve a corporation, has taken jurisdiction, thereby decreed a dissolution of the corporation, appointed a receiver, and taken the custody of the assets, no national court can take jurisdiction of a bill to call on the receiver to render an account, and to collect the assets under the direction of the United States court.

[Cited in Walker v. Flint, 7 Fed. 436.]

William Henderson, for complainant.

R. C. Gregory, for defendants.

McDONALD, District Judge. This is a bill in equity, filed by Edgar Conkling against John M. Butler and the New Castle and Danville Railroad Company. The defendants have demurred to the bill; and the point to be decided is, whether the demurrer ought to be sustained. The bill alleges that the complainant subscribed and paid into the capital stock of said railroad company fifty thousand dollars, and received certificates of stock to that amount; that the total stock subscribed was about one million five hundred and eighty-two thousand three hundred dollars and eighty-three cents; that about a million of this is "unavailable and valueless;" that about forty-five per cent. of the stock has been collected, and the residue subscribed has not been paid; that the legal liabilities of the company are about eighteen thousand dollars; that the unpaid solvent subscriptions of stock are about two hundred and twenty-five thousand dollars; that the construction of the road has been abandoned, and the corporation put in liquidation; that, on the first of December, 1862, the defendant, "John M. Butler, was appointed receiver of said New Castle and Danville Railroad Company, who duly qualified as such, and took upon himself the duty imposed by said appointment as such receiver, and who is now in the full possession of all the books, papers, vouchers, moneys, bonds, records, and other evidences of indebtedness of said New Castle and Danville Railroad Company; that the said Butler, as such receiver, though specially requested by the complainant so to do, is making no effort to collect any more of the uncollected stock subscribed to the said road than will pay the said $18,000 indebtedness, after which he contemplates a final settlement of said trusts, as appears by Exhibit A filed as a part of this bill."

The foregoing is the substance of the bill. It prays for an account, for the equalization

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

of the losses among the subscribers to the stock, &c. The bill is clearly defective as failing to show by what authority Butler was appointed a receiver, unless that is shown by Exhibit A already named. Whether the language of the bill, as above copied, amounts to an averment that Butler was appointed receiver by the Hamilton circuit court (Indiana), as appears by Exhibit A, may well be doubted. Indeed, I think it does not. Rather, I suppose that the true construction of the reference to Exhibit A, is, that after Butler has paid off said $18,000, he means to collect no more of the subscriptions to the capital stock, but intends then finally to close his labors as a receiver. But as the bill could easily be so amended as to make this point clear, it is of little importance. The exhibit is made part of the bill, and must be looked to in determining the demurrer.

Let us then examine Exhibit A. It purports to be a transcript of a proceeding commenced on March 1st, 1859, in the Hamilton circuit court of this state, and, so far as anything appears, still pending in that court. It was an information by the state of Indiana on the relation of David Nation, prosecuting attorney, against the New Castle and Danville Railroad Company, charging a forfeiture of the charter of that company, and seeking a judgment of ouster. A judgment of forfeiture and ouster was rendered, and thereupon the Hamilton circuit court appointed one O. S. Hamilton as receiver in that case. Hamilton acted as such receiver till September 8, 1862, when he resigned his place, and the defendant, Butler, was appointed by the court as receiver in the place of Hamilton, and, so far as appears, still continues so.

These proceedings were evidently had under the 44th article of the Indiana Code of Practice and Pleading. 2 Gavin & H. St. 322–325. That Code plainly contemplates that the receiver to be appointed, in case of a judicial dissolution of a corporation, shall act under the direction of the court appointing him, and shall, in all his doings, be controlled by such court, and account to it. If that cause is still pending in the Hamilton circuit court, and if Butler has not yet made final settlement therein of the trust of that court reposed in him, he might at any time be compelled by that court to render account of his doings to the same; and if he failed to do it, he would be liable on the bond which, it seems, that court exacted to secure the faithful performance of his duties as receiver.

By the bill demurred to, it is proposed to call Butler away from the court which appointed him,—which exacted his official bond, to which he must, by the terms of his bond

and of the Indiana Code, account, and whose directions he is bound to obey,—and require him to account to, and obey, another court, which never had anything to do with his appointment or with the case under which he was made a receiver. The mere statement of the case thus made by the bill is enough to show the impossibility of sustaining it. Butler is sued here as a receiver, and called upon to here account as a receiver. He never, in any case, was a receiver of this court, and cannot be called on to answer as such in it.

The same may be said of the other defendant,—the railroad company. This company was called before the Hamilton circuit court to answer to a charge of forfeiture of its franchises. That court declared them forfeited, took away all its property, and put it into the hands of a receiver. That property is now, in legal contemplation, in the custody of the Hamilton circuit court. Can it be possible that Mr. Conkling has a legal right to call on this court to drag this defunct corporation before us, and to urge here that we should interfere with property now in the custody of a state court of competent authority to do full justice in the whole matter? If the present complainant has rights, he ought, instead of applying here, to apply in the Hamilton circuit court, cause himself to be made a party to the proceeding pending there, and look for justice against the receiver to the court that made him a receiver, and controls him as a receiver.

The bill is bad for another reason. It asks a contribution to the complainant from various other stockholders of the company. Yet these stockholders are not made parties to the bill. There are various other fatal objections to the bill. Indeed, of the six causes set out in the demurrer, every one is fatal to the bill. But as the one first above considered goes to the question of the jurisdiction of this court, it is unnecessary to consider the others minutely.

The demurrer is sustained, and the bill is dismissed at the complainant's costs.

Consult, also, Aston v. Heron, 2 Mylne & K. 390; Chalie v. Pickering, 1 Keen, 749. The same principle is held in reference to executors, that they cannot be proceeded against outside of the jurisdiction by which they were appointed. Security Ins. Co. v. Taylor [Case No. 12,607].