## WALKER *v.* FLINT and others.

(*Circuit Court, E. D. Missouri.* January 3, 1881.)

1. **PRACTICE—JURISDICTION—MOTION TO DISMISS.**

    A jurisdictional question cannot be raised by a motion to dismiss, except where the want of jurisdiction appears on the face of the record.

2. **SAME—PLEA IN ABATEMENT.**

    Where facts not of record have to be shown, the question should be brought before the court by a plea in abatement.

3. **JURISDICTION — INTERFERENCE BETWEEN STATE AND FEDERAL COURTS.**

    State and federal courts cannot lawfully interfere with each other where each is acting within legal limits.

4. **SAME—CUSTODY OF PROPERTY.**

    A federal court will neither interfere with property in the lawful custody of a state court, nor tolerate interference by a state court with property in its custody.

5. **SAME—PROPERTY NOT LAWFULLY IN CUSTODY OF STATE COURT.**

    An insurance company built a house partially on its own land and partially upon that of A., without A.'s consent, and leased it to B. & C. Thereafter the company was dissolved by a decree of the state court having jurisdiction, and all its property vested in D., the state superintendent of insurance. B. & C. then attorned to D. A. and B., C., and D. were citizens of different states. After the attornment to D., A. brought suit against B., C., and D., in the federal court, to recover possession of the property of which he had been dispossessed. *Held,* that the federal court was not ousted of its jurisdiction by the attornment of B. & C. to D.

Ejectment. Motion to dismiss.

*Sansum & Jones,* for plaintiff.

*Carr & Reynolds,* for defendants.

TREAT, D. J. This is an action of ejectment, in which the plaintiff has set out with great particularity his deraignment of title, through proceedings in partition, to which the Life Association of America became a party. The final decree in said partition suit allotted to the plaintiff the premises in dispute. Said decree was entered in June, 1877, and duly recorded.

In July, 1878, the Life Association of America destroyed the fence previously erected by plaintiff along the division line of the lots assigned to him by the decree in partition

and erected a building partly upon plaintiff's property. Said association thereafter leased said building to the Flints and Coans, (parties defendant.) Suit for the dissolution of said association was instituted October 13, 1879, in the proper state court, which ripened into a final decree on November 10, 1879, whereby the title to all of the property of said association vested absolutely in Relfe, the state superintendent. Thereupon the said Flints and Coans attorned to said Relfe.

The plaintiff in this action made the defendants in possession and said Relfe the defendants to the suit. A motion was subsequently made to dismiss as to said Relfe, which was resisted by him. The court overruled the motion, on the ground that as the landlord might, under the Missouri statutes, make himself a party, and that, as the plaintiff had chosen to bring him in, it would be idle to dismiss as to him, and then have him take leave to appear *instanter.* Now, said landlord being defendant of record, appears specially and moves to dismiss the suit on the ground that the premises in dispute are *in custodia legis* of the state court through his tenants and himself, as a state officer, in whom there has been vested by operation of law the title, whatever it may have been, of said dissolved association. The motion is supposed to rest on the doctrine stated in *Taylor* v. *Carryl,* 20 How. 584; *Freeman* v. *Howe,* 24 How. 450; *Buck* v. *Colbath,* 3 Wall. 334; *Thompson* v. *Scott,* 4 Dill. 504; *Conkling* v. *Butler,* 4 Biss. 22; *Wiswall* v. *Sampson,* 14 How. 52; *Beale* v. *Phipps,* 14 How. 368, and other cases cited.

The present suit was brought in this court after said Relfe had become vested by decree of the state court with the title of the Life Association, and after the attornment to him by the tenants in possession.

The technical question exists as to the mode of proceeding, viz.: Can a motion to dismiss raise the question desired to be presented? If there appears on the face of the record that the court has no jurisdiction, a motion to dismiss would be proper. But other facts have to appear in this case to raise the jurisdictional question,—such as the proceedings in the state court, etc.,—which facts are stated at length in the motion and supplemented by the state record, etc. Hence, the ques-

tion should come before the court through a plea in abatement. The parties, however, to avoid technicalities, costs, and delay, assert that the question may be considered as on a proper plea in abatement,

This court has had occasion, within the past year, to express its views upon supposed conflicts of jurisdiction between state and United States courts in like cases.* The rule is that when a state court has, through any of its officers, custody of property, a United States court will not interfere with said custody, and, on the other hand, will not permit interference with its own custody. That rule is essential, under our complex system of government, to due harmony of administration, and to avoid unseemly conflicts. It rests not on comity alone, but on the true theory of our governmental system, state and federal. There is to be no interference, one with the other, where each is acting within legal limits; but, on the other hand, neither is to transcend legal or constitutional limits, or deprive a party of his constitutional rights.

It is often difficult to ascertain the precise limits to be observed under the rules just stated, as it is to reconcile adjudications had. The cases above cited, and the two cases of *Payne* v. *Hook* in the United States supreme court, seem not to be in accord. Whether so or not, the case before the court is free from such embarrassment. The rights of all parties had been settled by the partition decree in the state court, despite which one had become a trespasser on the premises of the other. Because the trespasser passed into liquidation under a state law, and his tenants who were co-trespassers attorned to the state liquidator, the real and adjudicated owner, being a citizen of another state, could not be thus deprived of his constitutional right to be heard in this court. The point decided is, not that of interference with the undoubted possession, rightfully, of property by the officer of another court, but that of an attempt to oust this court of jurisdiction by the attornment of trespassers to such trespassing officer.

*See *Levi* v. *Columbia Life Ins. Co.* 1 FED. REP. 206.

The motion to dismiss is overruled. If a plea of abatement were interposed, embodying the statement of facts contained in the motion to dismiss, a demurrer thereto would be sustained.