Mr. JUSTICE GRIER
 

 delivered the opinion of the court.
 

 The only question raised in this case depends on the construction of the peculiar statutes of Mississippi. It is, whether a plaintiff who has obtained a judgment against the administrator of an intestate’s estate, before it has been declared insolvent, has such a prior lion on the same as will entitle him to issue an execution and satisfy his judgment out of the assets, after the estate has been declared insolvent by the Orphans’ or Probate Court, and commissioners appointed for the purpose of distributing the assets equally among all the creditors.
 

 The process, both mesne and final, in the District and Circuit Courts of the United States, being conformed to those of the different States in which they have jurisdiction, the lien of judgments on property within the limits of that jurisdiction depends, also, upon the State law, where Congress has not legislated on the subject. In some of the States, a judgment is not a lien on lands; in others, there is a lien coextensive with the jurisdiction of the court. In Mississippi, a judgment obtained in his lifetime is a lien, from the time of its rendition, on all the defendant’s property; and the property of a decedent becomes liable for his debts from the time of his death. (See Dye
 
 v.
 
 Bartlett, 7 How. (Miss.) 224.) Consequently, the lien of a judgment obtained before defendant’s death cannot be affected by a declaration of insolvency subsequently made by his administrator. But if, at the time of the death, the fund from which each of the creditors has an equal right to claim satisfaction is insufficient to pay all, equity requires that' one should not be permitted, by a mere race of diligence, to seize satisfaction of his whole debt, at the expense of another. Hence, a declaration of insolvency must relate back to the death, in order that this equitable principle may have its effect. Such appears to be the policy of the legislation of Mississippi on this subject, apparent in her statutes and the decisions of her courts.
 

 The case of Parker
 
 v.
 
 Whiting, 6 How. (Miss.) 352, decided in the High Court of Errors and Appeals of that State, presented the same point in a case parallel with the present.
 

 In that case, as in this, it was contended that an administrator cannot report an estate insolvent after nine months, that
 
 *112
 
 being the period within which he cannot be sued; and that a judgment obtained after that time became a lien on all the property of the deceased, which cannot be destroyed, raised, or superseded by the subsequent report of insolvency, especially when it appeared that this insolvency might have been caused by the maladministration of the defendant.
 

 But that court decided that the estate of a deceased person may be reported insolvent after .the expiration of nine months from the grant of letters of administration ; and that, when an estate is so reported, the lien of a judgment previously obtained against the administrator is held in abeyance, and must give way to the general and equal lien of all the creditors which existed at the time of the death, and to which the declaration of insolvency must relate. Also, that the action of the Probate Court on a report of insolvency cannot be collaterally impeach-' ed ; and if the insolvency has been caused by maladministration, the remedy is by action for a devastavit, or on the administration bond.
 

 In this exposition of the statutes of Mississippi, as given by her courts, we fully concur; and it is conclusive of the question now under consideration.
 

 As, therefore, the judgment obtained by the plaintiffs in the court below did not entitle them to a prior lien, or a right of satisfaction in preference to the other creditors of the insolvent estate, they have no right to take in execution the property of the deceased which the Probate Court has ordered to be sold for the purpose of an equal distribution among all the creditors. The jurisdiction of that court has attached to the assets; they are
 
 in gremio legis.
 
 And if the marshal were permitted to seize them under an execution, it-would not only cause manifest injustice to be done to the rights of others, but be the occasion of an unpleasant conflict between courts of separate and independent jurisdiction. But we wish it to be understood, that we do not intend to express any opinion as to the right of State legislation to compel foreign creditors, in
 
 all
 
 cases, to seek their remedy against the estates of decedents in the State courts alone, to the exclusion of the jurisdiction of the courts of the United States. That will present an entirely different question from the present.
 

 The decree' of the court below dismissing me bill must be reversed, and a decree entered in favor of complainant continuing the injunction.
 

 Order.
 

 This cause came on to be heard on the transcript of the rec
 
 *113
 
 ord. from the District Court of the United States for the Northern District of Mississippi, and was argued by counsel. On consideration whereof, it is now here ordered and decreed by this court, that the decree of the said District Court in this cause be, and the same is hereby, reversed, with costs, and that this cause be, and the same is hereby, remanded to the said District Court, with directions to enter a decree in favor of the complainant, continuing the injunction in this cause, and for such further proceedings, in conformity to the opinion of this court, as to law and justice may appertain.