ELIJAH PEALE, TRUSTEE OF THE AGRICULTURAL BANK OF MISSISSIPPI, PLAINTIFF IN ERROR, v. MARTHA PHIPPS, AND MARY BOWERS, WIFE OF CHARLES RICE.

Two statutes of Mississippi, one passed in 1843, and the other in 1846, provide that where the charter of a bank shall be declared forfeited, a trustee shall be appointed to take possession of its effects, and commissioners appointed to audit accounts against it.

Where these steps had been taken, and the commissioners had refused to allow a certain account, the Circuit Court of the United States had no right to entertain a bill filed by the creditors to compel the trustee to pay the rejected account. There was a want of jurisdiction.

The cases upon this point, examined.

A claim by the trustee, in re-convention, was not a waiver of the exception to the jurisdiction.

THIS case was brought up, by writ of error, from the Circuit Court of the United States for the Eastern District of Louisiana.

It will be seen, by reference to 4 Howard, 225, that Charles Rice, and Mary his wife, and Martha Phipps, recovered, in an action of ejectment against the Agricultural Bank of Mississippi, two undivided third parts of a lot of ground in the city of Natchez.

In May, 1847, they sued out a writ of *habere facias posses-sionem*, and entered into possession of the property.

Under the laws of Mississippi, the charter of the bank became forfeited, and Elijah Peale was appointed trustee.

In April, 1848, Martha Phipps, and Mary Bowers, wife of Charles Rice, filed their petition in the Circuit Court of the United States for the Eastern District of Louisiana, against Peale. They claimed rent of the property from 1839 to 1847, damages for injuries done to the property whilst in possession of the bank, and the costs to which they had been put by the ejectment. Peale filed exceptions, and an answer. The second exception, upon which the judgment of this court turned, was as follows.

2. Because the charter of the Agricultural Bank was declared forfeited, and the said bank put in a course of liquidation as an insolvent corporation, and this defendant appointed trustee, for the purpose of collecting the assets thereof, by the Circuit Court of Adams County, in the State of Mississippi; and said trustee is not amenable to any other court than the one that appointed him, and of which he is the officer; and this court has no juris-diction whatever of him in his said capacity.

The following agreement of counsel was filed in the case.

It is agreed between the parties in the above-named suit, by Prentiss and Finney, attorneys for the plaintiffs, and Robert Mott, attorney for the defendant, that the following facts shall be admitted upon the trial of the cause, and the same are hereby admitted:

1. That the President, Directors, and Company of the Agricul-tural Bank of Mississippi, were in possession of the City Hotel, being the premises, the mesne profits of which are sued for on the 1st day of December, 1839.

2. It is admitted, that the said hotel and furniture rented, from said 1st day of December, 1839, until 1st November, 1842, for the sum of six thousand dollars per annum, and from said 1st November, 1842, until plaintiffs took possession at the rate of four thousand dollars per annum, and that said rates shall be considered as the fair annual rent of said property during said periods.

3. It is admitted, that the charter of the Agricultural Bank has been adjudged forfeited under the laws of Mississippi, and that the defendant, Elijah Peale, is the trustee appointed under, and by virtue of said laws, to represent the said corporation.

4. It is admitted, that the claim sued on, was, before the com-mencement of this suit, presented to the commissioners appointed in Mississippi, to audit and allow claims against said bank, to wit, to J. A. Van Dalsen and C. L. Dubuisson, and they were

requested to audit and allow the same, but that they refused to audit, allow, or in any way recognize the same.

5. It is admitted, that the claim sued on, was, before the commencement of this suit, presented to the defendant, as trustee of said Agricultural Bank, and he was requested to allow the same as a just and valid claim against said bank; but that said defendant, as trustee as aforesaid, refused to admit, recognize, or allow said claim, or any part thereof.

6. It is admitted, that the fees of counsel employed by the plaintiffs in the prosecution of the suit of ejectment against the Agricultural Bank, for the recovery of said City Hotel, in the Circuit Court and Supreme Court of the United States, exceeded in value the sum of two thousand dollars, and that said sum of $2000 dollars would be a reasonable fee for the conduct of said suit from its commencement to its termination.

It is admitted, that the furniture of house, &c., on the premises, formed part of the rent in the proportion of one fourth to three fourths thereof.

It is admitted, that the charter of the bank was declared forfeited by law, and the assets of the bank put in the possession of the defendant, who still holds the same as trustee or representative. Ro. Mott, *Attorney.*
Prentiss & Finney, *For Plaintiffs.*

It is further admitted, that the Agricultural Bank had stopped specie payments previous to the time of the forfeiture of the charter, and did not afterwards resume.
Prentiss & Finney, *Plaintiffs' Attorneys.*

In January, 1849, the cause came on to be heard, when the Circuit Court decreed, that the plaintiffs do recover from Peale the sum of $20,058, with interest at 5 per cent. until paid; and that they should have execution upon the assets of the bank, which were then, or might be thereafter, in the hands of the trustee.

From this decree, Peale appealed and brought the case up to this court.

It was argued by *Mr. Lawrence*, for the plaintiff in error, and *Mr. Taylor*, for the defendants in error.

Only that point will be mentioned upon which the judgment of this court turned.

*Mr. Lawrence* contended, for the plaintiff in error, that the action against Peale, who was a mere officer of the Adams County Court, Mississippi, for the purpose of collecting the assets of a bank in course of liquidation, could not be maintained in the United States Circuit Court for Louisiana. If the

plaintiff wished to bring suit, independent of the proceedings in the Adams County Court, the suit should have been brought against the corporation in its corporate name.   Hutch. Dig. § 10, 11, act 1840, p. 326; § 8, act 1843, p. 328; act February 28, 1846, p. 332; 6 Howard, (Miss.) 674.  .

*Mr. Taylor*, for the defendants in error.

The second ground of exception is partly based upon the assumption that the affairs of the Agricultural Bank were administered by the trustee Peale, because of the declared insolvency of the bank.  ' This is neither admitted, nor proved to be true; and, in fact, the affairs of the bank were taken from the management of her own officers, because those officers had violated the laws of its existence, whereby it ceased to exist. But it does not follow, as a necessary consequence, that because the charter of the bank was declared, by the Circuit Court of Adams County, to have been forfeited, or because its affairs were put in liquidation by the order of that court, or because Mr. Peale was appointed trustee by that court, no court but the Circuit Court of Adams County can entertain jurisdiction of a suit against him, as trustee.   An administrator or executor is appointed to represent the estate of a person deceased, after the Probate Court has found or adjudged the fact of his death, and put his affairs into a course of liquidation in the same manner. Such executors are liable to be sued in any court whatever; and even in cases where the State laws provide expressly that they shall not be sued, except in the court by which they are appointed, they are held liable to answer to the United States Circuit Court, notwithstanding such special exemption made by the State law. See case of Dupuy *v.* Bemiss, where this question is fully argued, (2 Annual Rep. 509); and case of Erwin *v.* Lowry, (7 Howard, 172–181,) reviewing and approving the doctrines, and even the reasonings, of the Louisiana court; and also 14 Peters's Rep. 75, examining the same questions; all settling the doctrine that even where the representative of an estate is suable only in his own court by the State law, he may yet be sued in the United States Circuit Court, and there be held to answer, and compelled to pay a debt of the succession, because, in every case of a conflict between the laws made by Congress (in accordance with the Constitution of the United States) and the acts of a State Legislature, the State laws must yield.   We believe, that, in Mississippi, other courts besides the Circuit Court of Adams County, could have entertained jurisdiction of a suit against this trustee, in his said capacity; and that even if it were shown that, by the positive requirement of the laws of the State of Mississippi, suit could have been brought against

Peale only in the Circuit Court of Adams County, which appointed him, we could, notwithstanding such requirement, sue Mr. Peale, as trustee, in the Circuit Court of the United States.

We also submit to the court whether the third and eighth admissions of counsel, found on the seventh page of the printed record, do not admit that the plaintiff in error, Mr. Peale, is the proper person to be sued for, and on account of, the debts due by the bank, because if, as admitted, the bank itself had ceased to exist, and Mr. Peale was in the actual possession of all its assets, and was its representative, he is the only person who can be sued on account of the liabilities of the bank. We think the admissions themselves afford good ground for overruling the exception.

Mr. Chief Justice TANEY delivered the opinion of the court.

This suit was brought by the defendants in error against the plaintiff in the Circuit Court of the United States for the Eastern District of Louisiana.

The proceeding was by petition in the usual form of Louisiana practice. It states that the plaintiff in error, in the capacity of trustee and assignee of the President, Directors, and Company of the Agricultural Bank of Mississippi, which was located, until the term of its dissolution at Natchez, in the said State, is indebted to the petitioners in the sum of $34,000, upon the grounds set forth in the petition.

They state that they were the owners of two undivided third parts of a certain lot in Natchez, in the county of Adams, in the State of Mississippi, upon which stands the City Hotel; that they were unlawfully expelled from it by the Agricultural Bank; that they afterwards recovered back the possession by an action of ejectment in the Circuit Court of the United States for the Southern District of Mississippi; and that they are entitled to the sum above mentioned, against the bank, for damages and mesne profits while the bank held them out of possession together with the costs they incurred in the suit to recover it.

They further state, that by the decree of the Circuit Court of Adams County, a court of competent jurisdiction in the premises, the charter of the Agricultural Bank was declared forfeited, and the corporation dissolved; and that Peale, the plaintiff in error, was appointed trustee and assignee of the bank, and is the sole legal representative of the corporation; and they aver, that by operation of law all the assets of the corporation are vested in him as assignee, and that he became legally liable to the creditors to the extent of the assets which may come to his

hands; and that he has assets in his possession, sufficient to pay all the debts of the corporation.

The plaintiff in error filed sundry exceptions and an answer to this petition. His 2d exception denies the jurisdiction of the court, upon the ground that, as trustee for the bank, he is not amenable to any other court than the one that appointed him. As we think this exception decisive against the jurisdiction of the Circuit Court of Louisiana, it is not necessary in this opinion to set out the other exceptions, or to notice the claims he set up by the way of answer and reconvention, if his exceptions were overruled.

There is an agreement between the counsel of the respective parties, which admits substantially the facts stated in the petition, as respects the possession and recovery of the hotel in the suit in ejectment, and the appointment of plaintiff in error as trustee upon the forfeiture of the charter of the bank; and also that the defendants had presented this claim to the commissioners appointed in Mississippi to audit claims against the bank, and that they had refused to allow it. There are other admissions, in relation to the annual value of the lot and hotel, and the costs and expenses of the suit in ejectment, and also in relation to other things which are not material to this decision, and need not therefore be particularly stated. The case proceeded; and at the hearing of the exceptions they were all overruled, and a decree was finally passed against Peale as trustee and representative of the President, Directors, and Company of the Agricultural Bank, directing him to pay to the petitioners the sum of $20,058, with interest thereon at the rate of five per cent. until paid — and that the petitioners have execution therefor, upon the property, assets, goods and chattels, rights and credits of the said President, Directors, and Company of the Agricultural Bank of Mississippi, then in the hands of the said Peale, as trustee, or which might thereafter come to his hands.

It is to revise this judgment that the present writ of error is brought.

The power, duties, and responsibilities of the plaintiff in error, as trustee, are regulated by the laws of Mississippi.

The act of 1843 makes it the duty of every district attorney in the State, whenever he has good reason to believe that any incorporated bank, located in his district, has done any thing that would work a forfeiture of its charter, to file an information against the bank in the Circuit Court of the county in which it is situated; and if, upon the trial, the charter is adjudged to be forfeited, it is made the duty of the court to appoint one or more trustees to take charge of its books and as-

sets, and to collect the debts and sell the property of the bank, and apply the proceeds in the manner which may be directed by law to the payment of the debts due from the corporation. And the trustee is required to give bond and security, to be approved by the court, for the faithful discharge of this duty.

The act of 1846 contains more detailed provisions on this subject. Among others, it directs the trustee to return, under oath, to the court by which he is appointed, an inventory of all the property and evidences of debt which shall have come into his possession; and is afterwards, under the direction of the court, to sell the same at public auction, and render an account of the sale so made to the court.

The act of 1846 also directs, that at the term at which judgment of forfeiture is rendered, the court shall appoint three commissioners to audit claims against the corporation; and it is made their duty to report their proceedings to the court at the first term after the expiration of twelve months allowed for the presentation of claims; at which time all exceptions to the report are to be heard and determined, and the court thereupon required to direct the distribution of the money in the hands of the trustee, to be made in the order prescribed by the law.

It was under these acts of the legislature of Mississippi, that the charter of the Agricultural Bank was declared forfeited, and the plaintiff in error appointed trustee. Commissioners also, it appears, were at the same time appointed to audit the accounts, who rejected this claim. Upon their refusal to allow it, the defendants in error instituted these proceedings in the Circuit Court of the United States for the Eastern District of Louisiana.

We see no ground upon which the jurisdiction of the court can be sustained. The plaintiff in error held the assets of the bank as the agent and receiver of the Court of Adams County, and subject to its order, and was not authorized to dispose of the assets, or to pay any debts due from the bank, except by the order of the court. He had given a bond for the performance of this duty, and would be liable to an action, if he paid any claim without the authority of the court from which he received his appointment, and to which he was accountable. The property, in legal contemplation, was in the custody of the court of which he was the officer, and had been placed there by the laws of Mississippi. And while it thus remained in the custody and possession of that court, awaiting its order and decision, no other court had a right to interfere with it, or to wrest it from the hands of its agent, and thereby put it out of his power to perform his duty. The case falls within the principle decided by this court in Vaughn v. Northrop, (15 Pet. 1,) in which it was

held, that an administrator could not be sued in another State for a debt due from his intestate, because he is bound to account for all the assets he receives, to the proper tribunals of the government from which he derives his authority. And that decision was made in a case where the assets, by reason of which the administrator was sought to be charged, were received in the jurisdiction of the government in which the suit was brought against him, but in which he had not taken out letters of administration.

The case of Williams v. Benedict, and others, (8 Howard, 107,) is still more in point. By a law of Mississippi, if it appeared to the Orphans' Court, that the estate of a deceased person was insolvent, it was made the duty of the court to direct the property to be sold by the executor or administrator, and to appoint commissioners to audit the claims of creditors; and to distribute the proceeds of the property (after deducting the expenses of the last sickness and funeral expenses) among the creditors, in proportion to the sum due to them respectively.

The appellant was the administrator of an intestate whose estate had been declared to be insolvent by the Orphans' Court. But the appellees had obtained a judgment against the administrator in the District Court of the United States for the Northern District of Mississippi, before the adjudication of insolvency by the Orphans' Court—and issued an execution, and laid it upon property upon which his judgment was a lien, in case the estate was not insolvent. And, upon a bill filed by the appellant to obtain an injunction staying proceedings upon this execution, the appellees insisted that the estate was not insolvent, but had been wasted by the administrator, and that the proceedings in the Orphans' Court, under the law of Mississippi, were no bar to his recovery in a court of the United States. And the District Court was of that opinion, and dismissed the appellant's bill. But the decree was reversed by this court upon the ground that the jurisdiction of the Orphans' Court had attached to the assets, and that they were in gremio legis, and could not be seized by process from another court.

And in the case of Wiswall v. Sampson's Lessee, decided at the present term, the court held that where certain lands were in the hands of a receiver, appointed by the Chancery Court of Alabama, in a case pending before it, they could not be sold by the marshal upon process of execution, issuing out of the Circuit Court of the United States, for that district, although the judgment upon which the process issued, was a lien upon the land, and the execution was laid before the receiver obtained actual possession of the property. In the case of Erwin v. Lowry, (7 Howard, 181,) referred to in the argument of the

counsel for the defendants in error, the proceedings in the Court of the United States were merely to enforce a lien created by the testator in his lifetime, and consequently could not interfere with the duties of the curator, or the authority of the State Court, under which he was acting, and to which he was bound to account.

It is suggested, also, in the argument, that the claim in reconvention made in the answer, is a waiver of the exception to the jurisdiction; because the claim in reconvention necessarily admits the jurisdiction of the court. But the article in the code of practice, and the case referred to, do not support the objection. The claim in reconvention is in express terms, made in case the exception to the jurisdiction is overruled, and not otherwise. It is made conditionally, the party at the same time denying the jurisdiction of the court in the matter in controversy.

Moreover, the facts stated in the petition of the defendants in error, show that the Circuit Court of Louisiana had no jurisdiction. And where that is the case, the general rule in all legal proceedings is, that the defendant may avail himself of the objection in any stage of the proceedings. We see nothing in the code of practice that leads us to suppose that a different rule prevails in the courts of Louisiana. And if it does, yet the exception to the jurisdiction was in this case pleaded *in limine* when the plaintiff in error appeared to the suit, and the conditional claim in reconvention cannot, by any just construction of its terms, be held to be a waiver of the plea.

The judgment of the Circuit Court must therefore be reversed, and a mandate issued directing the judgment to be entered for the plaintiff in error.

### Order.

This cause came on to be heard on the transcript of the record from the Circuit Court of the United States for the Eastern District of Louisiana, and was argued by counsel. On consideration whereof, it is now here ordered, and adjudged, by this court, that the judgment of the said Circuit Court, in this cause be, and the same is hereby, reversed, with costs, and that this cause be, and the same is hereby, remanded to the said Circuit Court, with directions to enter judgment in favor of the plaintiff in error.