J. F. WHEELER *v.* J. C. STEWART.

A debtor can arrest the executory process of his creditor, whose act of mortgage contains the non-alienation clause, by surrendering his property to his creditors, when the executory proceedings must be cumulated with the proceedings in insolvency.

APPEAL from the Second District Court of New Orleans, *Thomas, J. Durant & Hornor*, for appellant. *Clack & Bayne*, for appellee.

HOWELL, J. In September, 1861, plaintiff obtained an order of seizure and sale in this case, under which the sheriff seized the property subject to the mortgage, and defendant enjoined the sale; the judgment dissolving this injunction was affirmed by this Court in June, 1865. In April 1865, while the appeal was pending, the defendant made a cession of his property to his creditors, including in his bilan the debt and property involved in this suit, and the sheriff refusing, in consequence of the insolv-

ent proceedings to execute the writ, plaintiff took a rule to compel him to proceed. This rule was dismissed and plaintiff appealed.

The question is, can a debtor arrest the executory process of his creditor, whose mortgage contains the non-alienation clause, by surrendering his property to his creditors, and the executory be cumulated with the insolvent proceedings ?

The seizure by the sheriff dispossesses the debtor, but does not divest him of ownership. Upon the surrender the law, in express terms, vests all the property in the creditors, and the syndic takes possession, and is entitled to claim and recover all the property, for the purposes of sale and distribution of the proceeds, with authority to release mortgages. All proceedings then pending are stayed, and the creditors are referred to the concurso, to establish and regulate their rights contradictorily. The privileged and mortgage creditors have the right to have the property, subject to their privileges and mortgages, sold for cash, if their claims are due.

The law directs, further, "that all the suits which may have been brought anterior to the failure, shall be transferred to the Court in which the insolvent debtor shall have presented his schedule, and shall be continued against the syndic." Acts 1855, p. 432, §§ 7, 8, 17, 27, 28, 29, 30, 32, 33.

From these principles and provisions of law, it seems evident that the surrender by defendant had the effect of bringing the mortgaged property into the insolvency and cumulating the executory with the insolvent proceedings.

It is true the executory process, in its execution, is directed against the property mortgaged, but it is issued against the mortgagor, who has the right, at any time before the sale, to pay the debt and retake his property. The suit may properly be classed among "those brought anterior to the failure," and which are to be transferred and continued against the syndic.

This view is strengthened by the doctrine recognized by this Court, that property thus situated may be required to contribute in certain contingencies, to the payment of privileges incident to the insolvent proceeding.

The pact de non alienando, relied on by plaintiff, does not change the nature of the mortgage, but gives him a more easy mode of seizing the mortgaged property, in ordinary circumstances. 11 A. 482. This mode is subject to the operation of the insolvent laws, which provide a mode for the disposition of all of the debtor's property, for the benefit of all the creditors.

The difference between the rights of mortgage creditors, in mortuary and insolvent proceedings, grows out of special legislation in regard to the latter.

Judgment affirmed, with costs.