## Black, Trustee, *v.* Scott and others.[*]

### (*Circuit Court, S. D. Ohio, E. D.*   1881.)

1. Jurisdiction of United States Courts — Suits to Enforce Liens — Non-Resident Defendants — Section 738, Rev. St. — Conflict of Jurisdictions — Assignments for Benefit of Creditors — Probate Courts.

Bill in equity in United States circuit court by complainants, citizens of states other than Ohio, to foreclose a mortgage upon real estate in Ohio. Before the suit was begun the mortgagor had made an assignment for the benefit of his creditors of all his property, real and personal. The bill made the mortgagor, his assignee, (who was a resident of Ohio,) and others, defendants. The mortgagor and assignee filed pleas to the jurisdiction—the former alleging that he was not a citizen of Ohio, and by reason thereof the court had no jurisdiction; and the latter setting up that he had accepted the trust as assignee, and qualified; that the probate court of Athens county, having exclusive jurisdiction of the trust, had, before the bringing of the suit, ordered him to sell the real estate of the assignor, including that described in the bill ; that said order is still in full force, and that he is engaged in executing it; that the real estate is of greater value than complainant's claim, and that the property is insufficient to pay all the indebtedness of said mortgagor; that said real estate was, at the commencement of this suit, in the custody of the law, and subject to the order of said probate court ; wherefore the court has no jurisdiction thereof, or of this suit. On demurrer to pleas, *held* :

*Reported by J. C. Harper, Esq., of the Cincinnati bar.

(1) The plea of the mortgagor is insufficient.  Under section 738, Rev. St., he may be served out of the state, or brought in by publication.

(2) The plea of the assignee is also insufficient.  The court has jurisdiction to determine the amount due upon the mortgage, and fix the rights of the parties.  *Quære*, as to whether it can proceed to sell the property.

In Equity.  On demurrer to pleas to the jurisdiction.

*Welch & Welch*, for complainants.

*C. H. Grosvenor, Brown & Koons*, and *John G. McGuffey*, for respondents.

SWING, D. J.  The bill states substantially—

That John Scott, on the second day of August, 1875, executed and delivered to Miner T. Ames and John M. Carse his 21 promissory notes, payable to the order of said Ames & Carse, with 8 per cent. interest—interest payable annually; said notes being for different amounts, payable at different dates, the last six of which were for $1,000 each, and payable November 1, 1877, February, 1878, May 1, 1878, August, 1878, November, 1878, and February 1, 1879; that said Scott, on the day of the execution of the notes, executed to complainant a deed of trust, to secure the payment of said notes; that the four notes due May 1, 1878, August 1, 1878, November 1, 1878, and February, 1879, were, before either of them became due, to-wit, about the tenth day of September, 1877, for a full and valuable consideration, indorsed and delivered by said Ames & Carse to the Humboldt Safe Deposit & Trust Company, a corporation of Pennsylvania, which now holds and owns the same, and about the same time and before the maturity thereof, for a valuable consideration, the said Ames & Carse indorsed and delivered to the National Bank of Chicago, a corporation of the state of Illinois, the note due February 1, 1878, and indorsed and delivered to said John M. Carse, before maturity, and for a valuable consideration, the note for $1,000, due November 1, 1877, and who are still the owners and holders thereof; that the said John W. Scott, on or about the twenty-third day of October, 1877, made an assignment of all his property to Charles A. Coble, a resident of said Athens county, who has duly accepted such trust and qualified as said assignee; that complainant is a resident of Chicago, and state of Illinois; that John M. Carse is a resident of Illinois; that the Humboldt Safe Deposit & Trust Company is a corporation and resident of Pennsylvania; that the Union National Bank is a corporation and resident of the state of Illinois; that said John W. Scott is a resident of Athens county, Ohio; and that John M. Grace is a resident of Ohio.  Several other persons are made parties, all residents of Ohio.

The prayer of the bill is for an account of the amount that may be due on the several notes, and that John W. Scott may be decreed and ordered to pay the same; and that, in default of payment, the real estate included in the deed may be ordered to be sold, as upon judgments and executions at law, for the payment of the same.  Subpœnas in chancery were issued, and the marshal returned, as to John W. Scott, "Served on John W. Scott by leaving a true copy thereof

at his usual place of abode, with G. C. Coble, an adult person;" and Charles A. Coble was served personally.

The defendant John W. Scott files a plea to the jurisdiction, in which he alleges that by reason of the fact that he, at the time, nor since the bringing of the suit, was not, a citizen of the state of Ohio, this court has no jurisdiction.

The defendant Charles A. Coble files his plea, in which he alleges—

That this court has no jurisdiction, because John W. Scott, before the bringing of this suit, had assigned all his property, including the lands in the deed, to him, for the benefit of his creditors; that he accepted the trust, and qualified; that the probate court of Athens county, having exclusive jurisdiction of the trust created by said deed, ordered and adjudged, long before the bringing of this suit, that the defendant should proceed and sell the real estate embraced in the petition in this case, as well as all other, and convert it into money, which order and judgment remain in full force, and binding upon the defendant, and that he was, and now is, engaged in trying to sell said real estate; that the real estate is of greater value than the amount of the complainant's claim; that the property would be insufficient to pay all the indebtedness of said John W. Scott; that the real estate, at the commencement of this suit, was in the custody of the law and of the probate court, subject to its order, and this court had no jurisdiction thereof, or of this suit.

The plaintiff has set down these pleas for argument upon their sufficiency. It is objected by the plaintiff—

That these pleas are insufficient, for the reason that they do not conform to the requirements of rule 31; that a plea shall not be allowed to be filed unless upon a certificate of counsel; that in his opinion it is well founded, in point of law, and supported by the affidavit of the defendant; that it is not interposed for delay, and that it is true in point of fact. Neither of these pleas have the required certificate of counsel or affidavit of the defendant, and would therefore be adjudged insufficient; but inasmuch as the court would permit them to be amended or supplemented in this respect, the plaintiff has consented to their hearing as if they were accompanied by the necessary certificate and affidavit.

We will examine them separately—*First*, the plea of John W. Scott. The allegation of this plea is that at the time, nor any time since, the complainant exhibited his said bill in this honorable court, he was not a citizen of or within the state of Ohio, and therefore the court has no jurisdiction. The first section of the judiciary act provides that no civil suit shall be brought before the circuit court of the United States against any person by any original process or proceedings in any other district than that whereof he is an inhabitant, or in which he shall be found at the time of serving such process or commencing such proceeding. The bill alleges that the defendant is a citizen of Ohio, and the return of the marshal is that he was

served by leaving a copy of the subpœna at his usual place of abode, in Ohio. The bill also alleges that the plaintiff is a citizen of Illinois, and it alleges the transfer of the notes for a valuable consideration, before due, to parties who were citizens of Pennsylvania and Illinois; that these notes are due and unpaid, and that since their execution and that of the deed, John W. Scott had assigned all his property for the benefit of his creditors. The bill prays an account, and an order that the defendant Scott pay, and in default that the court order the property to be sold.

Section 738 provides that—

"When any defendant, in a suit in equity to enforce any legal or equitable lien or claim against any real or personal property within the district where the suit is brought, is not an inhabitant of nor found within said district, and does not voluntarily appear thereto, it shall be lawful for the court to make an order directing such absent defendant to appear, plead, answer, or demur to the complainant's bill at a certain day therein to be designated. And the said order shall be served on the absent defendant, if practicable, wherever found; or, where it is impracticable, publication may be made. And, upon proof of the service or publication, it shall be lawful for the court to entertain jurisdiction of such suit in the same manner as if such absent defendant had been served with process within the district. But the adjudication shall affect the property of such defendant within such district only."

The general nature of this suit is clearly one to enforce a lien against real estate within this district. The plaintiff is a citizen of Illinois, and the defendant, in whom the legal title is vested, is a citizen of Ohio. The court has clearly, then, jurisdiction of the subject-matter, and the party in whom the legal title rests; and the fact that one who may be a proper party may not be an inhabitant of the state or a citizen of it, or may not be found within it, cannot oust the jurisdiction, for under section 738 he may be served personally out of the state, or may be brought in by publication. The plea, therefore, of the defendant John W. Scott is adjudged insufficient.

The plea of the defendant Charles A. Coble substantially states that John W. Scott, before the bringing of the suit, had made an assignment of all his property, including that described in the bill, to him, for the benefit of his creditors; that he had accepted the trust, and had qualified before the probate court of Athens county, Ohio, and had procured an order for the sale of said property, and was proceeding to sell the same; and that by virtue of these proceedings the probate court had acquired complete and exclusive jurisdiction of the subject-matter of this suit, and therefore this court cannot entertain jurisdiction of this cause. The proceedings set out in the plea were

proceedings under the insolvent laws of the state, which provide for the manner of administering property assigned for the benefit of the creditors. Such assignments in nowise affect the legal and equitable liens which existed against the property at the date of the assignment. The persons in whose favor these liens exist are not made parties to the proceedings by the assignee to sell the property, and certainly no orders of the court, affecting their rights, would be binding upon them, unless they were parties thereto. *Ray* v. *Norseworthy,* 23 Wall. 128. The plea does not allege that the plaintiff was before the court in said proceedings, by being made a party thereto, but it is claimed only that by the proceedings and order of sale the probate court acquired exclusive jurisdiction, so that this court has no jurisdiction to maintain this suit. It is certainly very clear that all the elements of jurisdiction of the circuit court of the United States are alleged in this bill. It is a controversy between citizens of different states. The amount exceeds $500, exclusive of costs. The real estate and the principal party in interest are in the district in which the suit is brought. None of these allegations are controverted by this plea, but it is sought to defeat the jurisdiction solely upon the ground of the assignment, and the proceedings in the probate court to administer it. The question presented by this plea is not whether, when property has been seized by operation of the insolvent laws of a state, and is being administered by her courts for the benefit of creditors, this court can take possession of the same property and administer it. It has been held by the supreme court of the United States that in such cases the property could not be seized on execution from this court. *Williams* v. *Benedict,* 8 How. 107; *Bank of Tennessee* v. *Harn,* 17 How. 160. But it is whether this court, in a case where, by the constitution and laws, it has jurisdiction, can be prevented, by an assignment and proceeding under it, from entertaining jurisdiction and determining the rights of the parties. In each of the last cases referred to, the court recognize the right of the court to proceed to judgment, but determine that no execution could be levied on the property. And there are numerous cases in which jurisdiction has been maintained in the federal courts against administrators, while the estate was in process of settlement by the state courts, the rights of the parties ascertained and fixed, and their satisfaction to be made under the laws of the state. But in this case the property which is sought to be made applicable to the satisfaction of the decree, if one should be rendered, is property which had been set apart by the owner especially for that purpose, and which the assignment could

in no way affect, but upon which the plaintiff has a specific lien; and it was held by the supreme court in the *Union Bank of Tennessee,* 18 How. 503, that "the law of a state, limiting the remedies of its citizens in its own courts, cannot prevent the citizens of other states from suing in the courts of the United States, in that state, for the recovery of any property or money there to which they may be legally or equitably entitled." *Suydam* v. *Broadnax,* 14 Pet. 67; *Hyde* v. *Stone,* 20 How. 170. But it is not necessary now to determine whether this court can, in case of a decree in favor of the plaintiff, proceed to a sale of the real estate described in the deed for its satisfaction. It is enough to say that the bill prays an account, and for a decree for the amount which may be found due, and for this purpose it is very clear to us that this court has jurisdiction, notwithstanding the proceedings in the probate court. *Union Bank of Tennessee, supra; Payne* v. *Hook,* 7 Wall. 425; *Yonley* v. *Lavender,* 21 Wall. 276. This plea must, therefore, also be adjudged insufficient.