MILLIKEN v. BARROW, (BARROW, Syndic, Intervener.)

(Circuit Court, E. D. Louisiana.   April 13, 1893.)

1. EXECUTORY PROCESS—SURRENDER OF PROPERTY BY INSOLVENT.

If the surrender of an insolvent defendant's property to his creditors has been accepted by the Louisiana insolvent court, executory process cannot be issued against it by a federal court thereafter.

2. SAME—MORTGAGED PROPERTY—PACT DE NON ALIENANDO.

A mortgagor made a surrender of his property to his creditors under the insolvent laws, which was accepted. Five days later, and before the syndic had taken possession of the mortgaged realty, the mortgagee, whose mortgage contained a pact de non alienando, issued what is known as "executory process" from a federal court, and the marshal took the mortgaged property into his possession. *Held* that, as the mortgagee cannot seize the property after a cessio bonorum of the mortgagor under the law of Louisiana, the enforcement of the executory process must be restrained, notwithstanding the pact de non alienando.

3. ALIENS—CONTRACTS RELATIVE TO REAL ESTATE.

An alien who has long been a resident of a state, and is a resident at the time of making a contract relative to real estate situated within the state, is, so far as relates to such contract, subject to the laws of the state in the same manner as its citizens are.

In Equity.   Motion by A. D. Barrow, syndic, intervener, in an action by R. Milliken against C. J. Barrow, for an injunction restraining the marshal from enforcing executory process against the property of the defendant, an insolvent.   Injunction granted.

Jas. Legendre, for plaintiff, Milliken.

Farrar, Jones & Kruttschnitt, for defendant and intervener.

BILLINGS, District Judge.   This case arises as follows:  On January 26, 1893, the defendant, C. J. Barrow, made a surrender to his creditors under the insolvent laws of Louisiana, which was on that day accepted, and on January 31st a provisional syndic was appointed.   On January 31, 1893, the complainant, R. Milliken, who held a mortgage which was executed by the defendant, C. J. Barrow, upon certain real estate,—the mortgage containing the clause de non alienando,—issued what is known as "executory process" in this court.   The syndic had not taken possession of the mortgaged property, and the marshal took the same into his possession under the writ.   The complainant, Mr. Milliken, is a resident of this state, though an alien, being a subject of Great Britain.   It is seen by this recital of the facts that the surrender of the defendant's property to his creditors had been accepted by the insolvent court prior to the issuance of the complainant's executory process. I think it is the settled law that after the acceptance of a surrender by the state court no process can issue against the debtor's property in the courts of the United States.   Geilinger v. Philippi, 133 U. S. 246, 10 Sup. Ct. Rep. 266.   At page 257, 133 U. S., and page 269, 10 Sup. Ct. Rep., the court says: "By the insolvency proceedings Green's [the insolvent debtor's] assets were placed in gremio legis, and could not be seized by process from another court." See Tua v. Carriere, 117 U. S. 201, 208, 6 Sup. Ct. Rep. 565; Bank

v. Horn, 17 How. 157; Peale v. Phipps, 14 How. 368; and Wiswall, v. Sampson, Id. 52. In Peale v. Phipps, supra, at pages 374 and 375, the court enforce this doctrine without reference to whether the officer who represented the state court had taken possession of the property sought to be seized by the process issuing from the United States court.

But it is urged by the complainant that his mortgage contained the pact de non alienando, and that, therefore, the mortgagor could not alienate it so as to defeat or delay his right to seize it. Under the law of Louisiana, after a cessio bonorum of the mortgagor, the mortgagee cannot seize; the property must be administered by the syndic. Bermudez v. Ibanez, 3 Mart. (La.) 19; Chiapella v. Lanusse's Syndics, 10 Mart. (La.) 449; Devron v. Creditors, 11 La. Ann. 482; Orr v. Lisso, 33 La. Ann. 476. In Wheeler v. Stewart, 18 La. Ann. 673, it was so held where the mortgage contained the pact de non alienando. The complainant's mortgage is dated March 2, 1891, many years after the decisions which had thus settled the law had been rendered. It follows that, so far as citizens of Louisiana are concerned, mortgagees accepted mortgages with the interpretation given as part of the mortgages themselves. Nor does it affect the question that the complainant is an alien, so long as he has been for 40 years a resident of Louisiana. Alienage on the part of plaintiff gives jurisdiction to the United States circuit court as against citizen defendants. But with reference to an alien who was at the time of making his contract, which concerned real estate situated within this state, an actual resident here, the law upon this subject is the same as with reference to a citizen of this state. Von Glahn v. Varrenne, 1 Dill. 515, 521.

After the administration of a property mortgaged is finished in the insolvency court, provided the complainant is not made a party to the insolvent proceedings, it would seem that he could, by virtue of the pact contained in his mortgage, proceed against the mortgaged property in the hands of subsequent vendees. Egerton v. Creditors, 2 Rob. La. 201. But pending that administration he cannot assert his rights by a process and a seizure which would wrest this mortgaged property from a custody under which it is in contemplation of law placed, and which would, therefore, be contrary to the established comity of courts and the good order of society. The injunction restraining the marshal from enforcing the executory process must issue.