### KEEGAN v. KING et al.

#### (District Court, D. Indiana. September 27, 1899.)

1. **BANKRUPTCY—TITLE TO PROPERTY—CONFLICTING JURISDICTION.**

When a court of bankruptcy, having jurisdiction in the premises, through its receiver or a trustee in bankruptcy, has taken actual possession of property scheduled by the bankrupt as assets of his estate, and holds the same for administration in bankruptcy, it is not competent for a stranger, claiming to be the owner of such property, to maintain a suit in a state court against the trustee for the purpose of establishing his title and restraining the officer from selling the property. His remedy is by petition in the court of bankruptcy.

2. **SAME—ENJOINING SUIT IN STATE COURT.**

The court of bankruptcy, on petition of the trustee, will enjoin the further prosecution of an action brought by such claimant against him in a state court to establish his claim to the property in controversy.

In Bankruptcy. Petition by Hugh G. Keegan, as trustee in bankruptcy of the J. F. Schell Loan & Investment Company, against Sarah J. King and Caroline King, for an injunction restraining the defendants from the further prosecution of an action commenced by them against the petitioner in the superior court of Allen county, Ind. Defendants appeal from a decision overruling their plea in abatement to such petition.

Vesey & Heaton, for plaintiff.
Walpole G. Colerick and Henry Colerick, for defendants.

BAKER, District Judge. The decision of the court below overruling the plea in abatement filed to the petition of Hugh G. Keegan, trustee, is affirmed. The facts, shortly stated, are these: On March 31, 1899, a creditors' petition was filed in this court, upon which, on

April 3, 1899, the J. F. Schell Loan & Investment Company was adjudged a bankrupt, and a receiver was at the same time appointed, who took possession of the leasehold premises and of the fixtures in controversy as the property of the bankrupt, and retained possession of the same as such receiver until May 6, 1899, when the present petitioner was elected trustee of the bankrupt's estate, and the possession of said premises and fixtures was delivered by the receiver to the trustee, who has remained in actual, continuous possession of the same ever since. The receiver, under the order of this court, paid the rent of the leasehold premises to June 1, 1899, which was accepted by the defendants herein. On the ——— day of May, 1899, the trustee advertised the personal property of the bankrupt, including the fixtures in controversy, for sale on May 24, 1899. The fixtures in controversy were scheduled by the bankrupt as a part of its estate. On May 17, 1899, the defendants herein began an action in the superior court of Allen county to restrain the trustee from selling or offering to sell the fixtures, and to establish the title of the defendants to the property as against the trustee. Process was issued out of the superior court of Allen county and served on the trustee, returnable May 27, 1899. On May 20, 1899, the trustee filed his petition in this court against the defendants, Sarah J. and Caroline King, asking this court to restrain them from further proceeding with the case against him in the state court. To this petition of the trustee the defendants filed a plea in abatement, setting up the pendency of the suit in the state court as a reason why the present petition should abate.

The precise question presented upon the above facts is this: After this court has taken actual possession of property, through its receiver and trustee, as the property of the bankrupt, and has retained the actual and continuous possession of the same from a time long anterior to the commencement of the suit in the state court, is it competent for parties who claim to be the owners of the property so in the actual custody and possession of this court to maintain a suit in the state court for the purpose of settling the title and enjoining the officer of this court from proceeding to the disposition of property so in the actual possession of this court? The statement of the question would seem to carry its own answer. This court, being in the actual possession of the property in controversy, has the exclusive right to determine all conflicting claims as to the title and right of possession of the property so in its custody. The case of Freeman v. Howe, 24 How. 450, and repeated decisions of the supreme court of the United States following it, are decisive. In that case it was held that, although property had been wrongfully seized by the marshal of the United States by virtue of a writ of attachment, the rightful owner could not obtain possession of it by resort to the courts of another jurisdiction. And in Buck v. Colbath, 3 Wall. 334, 341, commenting on the case of Freeman v. Howe, supra, the supreme court say:

"We are, however, entirely satisfied with it, and with the principle upon which it is founded,—a principle which is essential to the dignity and just authority of every court, and to the comity which should regulate all questions

of conflicting jurisdiction between courts of concurrent jurisdiction. That principle is that, whenever property has been seized by an officer of a court by virtue of its process, the property is to be considered in the custody of the court and under its control for the time being; and no court has the right to interfere with that possession, unless it be some court which may have a direct supervisory control over the court whose process has first taken possession of it, or some superior jurisdiction in the premises. This is the principle upon which the decision of this court rested in Taylor v. Carryl, 20 How. 583, and Hagan v. Lucas, 10 Pet. 400, both of which assert substantially the same doctrine."

The bankruptcy act does not generally impair in any way the jurisdiction of state courts; and in cases where the officers of state courts, prior to an adjudication in bankruptcy, have seized property of the bankrupt under state process, such levy cannot be interfered with by a federal court, unless it is fraudulent or contrary to the bankruptcy act, or upon some equitable ground. The moment, however, that an adjudication of bankruptcy has been made, the title to all the property of the bankrupt, as of that date, passes to the person who is subsequently chosen trustee. From the time of the adjudication the property of the bankrupt is in the custody and under the control of the bankruptcy court. From the time such property, by the adjudication of bankruptcy, comes into the custody of the bankruptcy court, it is in custodia legis; and that court will not permit any person, even though he be an officer of a state court, acting under its process, to interfere with the custody or possession by the bankruptcy court or its officers of the property thus in its custody. And it does this upon the same principle upon which the bankruptcy court refuses to interfere with a levy lawfully made by a sheriff under process of a state court prior to the adjudication of bankruptcy, or refuses to interfere with the possession of a receiver previously appointed by a state court, or with any other person who as an officer of such court is acting under authority conferred prior to the adjudication, except in so far as the bankruptcy act provides otherwise, either expressly or by necessary implication.

The property in controversy being in the actual custody and possession of an officer of this court at the time the suit was brought in the state court, neither that court, nor any person acting under any process issued from that court, can, without the permission of this court, interfere with it; and to so interfere would be a contempt of the authority of this court. This principle is thoroughly settled by the supreme court of the United States in the cases of Peck v. Jenness, 7 How. 612, 625; Williams v. Benedict, 8 How. 107, 112; Wiswall v. Sampson, 14 How. 52; Peale v. Phipps, 14 How. 368, 374; Taylor v. Carryl, 20 How. 583, 594, 597; Freeman v. Howe, 24 How. 450; Buck v. Colbath, 3 Wall. 334. And this is true, even though the property may actually remain in the hands of the bankrupt. In re Rosenberg, Fed. Cas. No. 12,055. "A departure from this rule," as was well said by the supreme court in Buck v. Colbath, supra, "would lead to the utmost confusion and to endless strife between courts of concurrent jurisdiction deriving their powers from the same source; but how much more disastrous would be the consequences of such a course in

the conflict of jurisdiction between courts whose powers are derived from entirely different sources, while their jurisdiction is concurrent as to the parties and the subject-matter of the suit?" This court, through its receiver and trustee, having been in the actual custody and possession of the property in controversy as the property of the bankrupt before the institution by the defendants of their suit in the state court, it is clearly the duty of this court to maintain such custody and possession, and to permit no other court to interfere therewith by injunction or otherwise.

If the defendants in the present case are entitled to the possession of the fixtures as against the trustee, it is their duty to present their claim to the court in whose possession the property is, for the purpose of having the respective rights of the parties determined