In re ENDL.

(District Court, S. D. California. February 19, 1900.)

No. 1,285.

BANKRUPTCY—POSSESSION OF PROPERTY—UNLAWFUL INTERFERENCE BY STATE OFFICER.

Where a trustee in bankruptcy has peaceably acquired possession of personal property, claiming it as assets of the estate, it is in the custody of the court of bankruptcy; and if such property is subsequently seized by a constable under process from a state court, he will be ordered, on petition of the trustee, forthwith to restore the property to the possession of the latter.

In Bankruptcy. On petition of Gregory Perkins, Jr., as trustee of the bankrupt's estate, against J. W. Kelley, for an order to show cause why the defendant should not restore to the petitioner certain personal property taken from his possession.

E. T. Dunning, for petitioner.
N. Newby, for defendant.

WELLBORN, District Judge. The question to be determined on the present hearing is this: Will a court of bankruptcy, on the petition of the trustee of a bankrupt's estate, who peaceably acquired possession of personal property as property belonging to said estate, which property was subsequently seized by a constable under proceedings had in an action brought in a justice's court of the state, order redelivery of the property to the trustee? Both in reason and on authority, said question must be answered affirmatively. A court of bankruptcy certainly has power to protect its possession of property,

and property held by a trustee under the circumstances above stated—that is, peaceably obtained as a part of the bankrupt's estate—must be deemed to be in the possession of the court. These propositions are not only reasonable, but essential to the administration of the bankrupt law, and have been plainly and repeatedly enunciated by the courts. In re Cobb, 1 Nat. Bankr. N. 557, 96 Fed. 821; Keegan v. King (D. C.) 96 Fed. 758. In the latter case, the court says:

"The property in controversy being in the actual custody and possession of an officer of this court at the time the suit was brought in the state court, neither that court, nor any person acting under any process issued from that court, can, without permission of this court, interfere with it; and to so interfere would be a contempt of the authority of this court. This principle is thoroughly settled by the supreme court of the United States in the cases of Peck v. Jenness, 7 How. 612, 625, 12 L. Ed. 841; Williams v. Benedict, 8 How. 107, 112, 12 L. Ed. 1007; Wiswall v. Sampson, 14 How. 52, 14 L. Ed. 322; Peale v. Phipps, 14 How. 368, 374, 14 L. Ed. 459; Taylor v. Carryl, 20 How. 583, 594, 597, 15 L. Ed. 1028; Freeman v. Howe, 24 How. 450, 16 L. Ed. 749; Buck v. Colbath, 3 Wall. 334, 18 L. Ed. 257."

In the former case—i. e. In re Cobb, supra—the court says:

"The trustee is vested by law with the estate, and could, by a proper action, recover possession of the securities in possession of any one as collateral, subject to any valid lien such person might have on the proceeds of such securities. The vesting of titles gives him constructive possession of the property the instant the title passes. Such property is then brought into the bankruptcy court in its entirety, and under its protection as fully as if actually brought into the visible presence of the court. No other court, and no person acting under process, can, without permission of the bankruptcy court, interfere with it; and to so interfere is a contempt. The trustee is an officer of the court, and his possession, actual or legal, is the possession of the court. Taylor v. Carryl, 20 How. 583, 15 L. Ed. 1028; Shields v. Coleman, 157 U. S. 168, 15 Sup. Ct. 570, 39 L. Ed. 660; Porter v. Sabin, 149 U. S. 473, 13 Sup. Ct. 1008, 37 L. Ed. 815; Freeman v. Howe, 24 How. 450, 16 L. Ed. 749; Loveland, Bankr. § 150."

Whether this court has jurisdiction to settle the question of title to the property in controversy need not now be determined, although the inclination of my mind is in favor of such jurisdiction. Section 23, subd. "b," of the bankrupt act of 1898 refers expressly to suits by a trustee, and not to claims by other persons for property of which the trustee holds possession. An order will be entered directing said Kelley to forthwith redeliver said property to said Perkins.