### HALL v. BRIDGEPORT TRUST CO. et al.

#### (Circuit Court, D. Connecticut. July 7, 1903.)

#### No. 1,061.

1. FEDERAL AND STATE COURTS—SUIT FOR SPECIFIC PERFORMANCE OF CONTRACT OF DECEDENT—PENDENCY OF PROBATE PROCEEDINGS.

A federal court cannot entertain a suit for the specific enforcement of a contract by which an intestate decedent agreed to make complainant his sole heir, while his estate is in process of administration in a probate court of the state as an insolvent estate, since, should it decree the relief prayed for, there would be no property within its jurisdiction on which its decree could operate.

In Equity. On plea of defendant Bridgeport Trust Company, administrator.

Daniel Davenport and A. Delos Kneeland, for plaintiff.
George P. Carroll, for defendant Bridgeport Trust Co.

PLATT, District Judge. Setting the plea down for argument admits the facts stated in the plea, but denies their sufficiency as a matter of law. The court takes judicial notice of the Connecticut statutes and the decisions of the highest local court construing the same.

The substantial averments of the bill in equity which the plea attacks can be found in 122 Fed. 163. The vital points of the plea are: (1) Plaintiff began her action without presenting her claim to the administrator; (2) that the estate is in process of settlement as an insolvent estate; (3) that it is not ready for distribution.

¶ 1. Enjoining proceedings in state courts, see notes to Garner v. Second Nat. Bank, 16 C. C. A. 90; Central Trust Co. v. Grantham, 27 C. C. A. 575. Pendency of action in state or federal court as ground for abatement of action in the other, see note to Bunker Hill & Sullivan M. & C. Co. v. Shoshone M. Co., 47 C. C. A. 205.

On the first point: It is well settled that the rules which might obtain in an action at law are not forceful under the present conditions. In equitable actions this court follows the practice and principles of the English High Court of Chancery, and its proceedings are uniform throughout the states. It is therefore in no wise hampered by the petty details of local law. It will undertake to afford justice impartial to all suitors who come within its domain with lawful credentials.

The difficulty here, however, becomes serious when the second and third points of the plea are reached. A debt can be established in this court, but after it has become a fixed liability it must take its place among the claims against the estate and be administered by local law. In the case at bar there is, however, no attempt to establish a debt. An order is sought decreeing the specific performance of an alleged contract made with the plaintiff by the defendant's intestate. The allegation is "that, if she would continue to live with him and care for him as a daughter until the time of his death, she should have and be entitled to all of his property, both real and personal, as fully and to the same extent as if she were his lawful issue." It is then insisted that she fulfilled her part of the bargain, and that it should now be decreed that his representative shall perform the contractural obligation which the intestate assumed. That means, in plain words, a decree that, after paying all debts and expenses, the residue of the estate shall be transferred to the plaintiff. The estate has been declared insolvent, and it seems inadvisable to guess that at the end of things a residue will be found, and for that reason alone this court cannot be expected to try a moot case based on conjecture. But going beyond the proprieties, this court cannot act in such a manner as to sequester for the plaintiff any portion of the estate which she pursues. Williams v. Benedict, 8 How. 107, 12 L. Ed. 1007; Yonley v. Lavender, 21 Wall. 276, 22 L. Ed. 536. We cannot enjoin proceedings in the court of probate. Rev. St. U. S. § 720 [U. S. Comp. St. 1901, p. 581]. The decree, when rendered, would fall far short of its mark. No subtlety of reasoning can change the coveted relief into a money judgment. The defendant could not comply with any decree which might be evolved without invading and disturbing the res which it holds by virtue of its appointment by the local tribunal. The plight of the defendant would then be a sorry one, indeed. No man or corporation can, or ought to, obey two masters, and the federal courts, appreciating such dilemmas, refrain from forcing a party into such straits. Byers v. McAuley, 149 U. S. 614, 13 Sup. Ct. 906, 37 L. Ed. 867, and cases there cited. From every point of view, the case is not at the present juncture in such a condition that the equitable aid of the federal court should be invoked.

Let the bill be dismissed, with costs.