COCHRAN v. PITTSBURG, S. & N. R. CO. et al.

(Circuit Court, W. D. New York. November 2, 1907.)

No. 282.

COURTS—FEDERAL AND STATE COURTS—PRIORITY OF JURISDICTION.

A federal court cannot entertain and proceed with a suit to foreclose a mortgage on the property of a railroad company while it is in the actual custody of a state court through its receiver, appointed in a prior suit to foreclose a junior mortgage, nor has the federal court power to remove the state receiver or to interfere in any manner with his management of the property.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 1408.

Conflict of jurisdiction with state courts, see note to Louisville Trust Co. v. City of Cincinnati, 22 C. C. A. 356.]

In Equity. On motion by defendant to stay further proceedings, and motion by complainant to enjoin prosecution of a suit in a state court.

See 150 Fed. 682.

Bushnell & Metcalf, J. H. Metcalf, Robert B. Honeyman, for complainant.

Kenefick, Cooke & Mitchell and James McCormick Mitchell, for defendant Pittsburg, S. & N. R. Co.

Joline, Larkin & Rathbone and Arthur H. Van Brunt, for defendant Central Trust Co. of New York.

HAZEL, District Judge. This is a motion by the defendant the Pittsburg, Shawmut & Northern Railroad Company (hereinafter called the railroad company) to enjoin the taking of testimony in this action until after the sales under foreclosure decrees in two prior and one subsequent actions brought in the Supreme Court of the state of New York. Since the hearing, a motion has been heard on behalf of the orator to enjoin the defendant Hamilton Trust Company from further prosecuting the suit brought by it in the state court against the railroad company upon a second mortgage until this action to foreclose the same mortgage shall have been decided by this court. The material facts are as follows: Three separate default judgments of foreclosure and sale of the railroad company's property located in this state were entered on May 9, 1907, in the state court clerk's office. Prior thereto, on August 1, 1905, the defendant Frank Sullivan Smith was appointed receiver pendente lite by the Supreme Court in the foreclosure action first brought, which was to foreclose the third trust mortgage. The receiver duly qualified, and concededly the res of the railroad company came into the possession of the state court. On November 10, 1905, a second foreclosure action was brought in the state court by the Pacific Improvement Company, a holder of outstanding bonds which were issued by the Central New York & Western Railroad Company, one of the constituent companies of the defendant railroad company, secured by a first mortgage dated December 15, 1902, and covering all the property of the railroad company in this state except about 2½ miles of railroad extending from Olean, N. Y., to the Pennsylvania

state line.　In June, 1906, the Hamilton Trust Company, as trustee for bondholders under a second mortgage, dated February 1, 1899, and covering all the property of the railroad company situated in this state, brought another foreclosure suit in the state court against the defendant railroad company and others, which, as already stated, proceeded to default judgment.　Prior to the last-mentioned action, however, and on May 9, 1906, the complainant, suing for herself and such other bondholders as chose to join with her, instituted this action to foreclose such second mortgage.　The bill charges default in the payment of interest, and, after alleging the facts attending the execution and delivery of the said mortgages, avers that the interests of the Hamilton Trust Company were antagonistic to the rights of the complainant; that the receiver appointed by the state court, whose removal is demanded, has wasted and mismanaged the property of the railroad company; and that said receiver and the Pacific Improvement Company are guilty of fraudulent and collusive acts, their object being to impair the lien of the outstanding 5 per cent. bonds issued under the second trust mortgage, of which bonds the complainant owns a portion.

Complainant contends, first, that as this court obtained constructive possession of the res prior to the action in the state court instituted by the Hamilton Trust Company the latter action must be enjoined; and, secondly, that the prosecution to judgment of this action would not operate as an interference with the res already in the possession of the state court receiver.　The latter proposition manifestly should be first considered.　The argument proceeds upon the theory that even though jurisdiction of the res or property of the railroad company located in this state was first acquired by the state court in the action to foreclose the junior mortgage lien, still, as the complainant is a citizen of a foreign state, she has the unquestionable right to establish her claim arising out of another mortgage in this forum.　It is well settled that the federal courts will not exercise jurisdiction in an action where the subject-matter—the property—is held by a receiver appointed by a state court in an action pending therein.　Concededly, the property mentioned and described in the bill could not be sold by virtue of the process of this court while such property is either actively or constructively under the control of the state court, even though the judgment here had been recovered upon a prior lien.　Wiswall v. Sampson, 14 How. 52, 14 L. Ed. 322; Peale v. Phipps, 14 How. 375, 14 L. Ed. 459.　Authorities abound firmly upholding this principle.　The record shows that, not only was all the property of the railroad company situated in this state in the actual possession of an officer of the state court under foreclosure of the junior mortgage, but subsequently and before this action was begun a large portion of such railroad property came constructively under its control by virtue of the action to foreclose the first trust mortgage.　The rule is succinctly stated in the syllabus of Harkrader v. Wadley, 172 U. S. 148, 19 Sup. Ct. 119, 43 L. Ed. 399, as follows:

"When a state court and a court of the United States may each take jurisdiction of a matter, the tribunal where jurisdiction first attaches holds it, to the exclusion of the other, until its duty is fully performed, and the jurisdiction involved is exhausted."

In Merritt v. American Steel Barge Company, 79 Fed. 228, 24 C. C. A. 530, cited in complainant's brief, is found a comprehensive statement of the principle governing the exclusive right of the court which first acquires jurisdiction of the case to proceed to special judgment. The doctrine, the opinion of the court states, is firmly established that when the court takes into its possession property under writ of replevin or attachment, or by other mesne or final process, or by an assignee or receiver, its jurisdiction over it becomes exclusive, and in such a situation no other court of concurrent jurisdiction can rightfully interfere with the possession so acquired. The language of the opinion upon this point may be quoted:

"While property is so held, it cannot be sold under a judgment, sentence, or decree of any other tribunal. Moreover, so long as the property remains in custodia legis, no other court, unless by special leave of the court which first acquired jurisdiction, can lawfully proceed with the trial and determination of a suit, the object of which is to establish a lien against the property, or to subject the specific property to the payment of debts, or which may result in creating conflicting rights or titles thereto."

This principle has received emphatic approval by the Supreme Court in Farmers' Loan & Trust Company v. Lake Street Elevated Railroad Co., 177 U. S. 51, 20 Sup. Ct. 564, 44 L. Ed. 667. In that case the court said:

"The possession of the res vests the court which has first acquired jurisdiction with the power to hear and determine all controversies relating thereto, and for the time being disables other courts of co-ordinate jurisdiction from exercising a like power. This rule is essential to the orderly administration of justice, and to prevent unseemly conflicts between courts whose jurisdiction embraces the same subjects and persons."

Concededly, there are exceptions to the rule, as, for instance, in cases in which by a prosecution of the action the court in possession of the res is enabled to exercise its power without suffering a withdrawal of such possession or interference therewith. Farmers' Loan, etc., Co. v. St. R. Co., supra; Moran v. Sturges, 154 U. S. 256, 14 Sup. Ct. 1019, 38 L. Ed. 981; Porter v. Sabin, 149 U. S. 473, 13 Sup. Ct. 1008, 37 L. Ed. 815. In this action it is obvious that its further prosecution may affect the title of the property decreed to be sold by the state court, and it doubtless would tend to obstruct or embarrass such tribunal in proceeding to final determination. I am persuaded, in view of the facts, that this court ought not to proceed herein until the litigation in the state court is ended and the receiver discharged, or until leave to continue is granted by the state court. A different disposition of the questions involved would tend to bewilderment and confusion between courts of co-ordinate jurisdiction deriving their powers from widely differing sources. That the first trust mortgage does not include the entire property of the railroad company is not of material importance. The relief sought by the complainant unquestionably can be granted by the state court, either by original action or intervention. The relief demanded in the bill by complainant is not simply to establish a mortgage lien or to liquidate her claim. The fraud charged, the alleged invalidity of the first trust mortgage, the demand for injunction to restrain the receiver from issuing receiver's certificates under the order

of the state court, together with demand for the removal of the receiver, indicates something more than a mere adjudication of the orator's rights under the mortgage of the Hamilton Trust Company. For the foregoing reasons, the motion of the defendant to temporarily stay the taking of testimony herein must be granted, and the motion of the complainant denied.