### LEE v. MINOR et al.

#### (Circuit Court of Appeals, Ninth Circuit. October 6, 1919.)

#### No. 3307.

COURTS ⬤⟷260—JURISDICTION OF FEDERAL COURT IN SUIT FOR CONSTRUCTION OF WILL.

    Under the statutes of California an independent suit in equity inter partes does not lie to construe a will, or to assail proceedings in probate by which the will is construed and the estate distributed, and a federal court in that state is without jurisdiction of such a suit.

Appeal from the District Court of the United States for the Second Division of the Northern District of California; Wm. C. Van Fleet, Judge.

Suit in equity by Jeanette W. Lee against Richard C. Minor, individually and as trustee under the will of Elizabeth E. Barnhart, deceased. Decree for defendants, and complainant appeals. Affirmed.

F. C. Heffron, of Roseburg, Or., for appellant.
John H. Miller, of San Francisco, Cal., for appellees.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

ROSS, Circuit Judge. The second amended bill, to dismiss which a motion was made to and sustained by the court below, was based solely upon the diverse citizenship of the parties and the fact that the amount involved exceeded that required for jurisdiction, and alleged, in effect, among other things, that the deceased, then a resident of the city of Stockton, in San Joaquin county, Cal., executed, on October 7, 1899, her last will and testament, to which, on September 19, 1902, she added a codicil, in which will she named three trustees, one of whom was the appellee, Minor, and all of whom were subsequently appointed executors of the will at the time it was admitted to probate by the probate department of the superior court of the said county of San Joaquin—the said Minor being the sole surviving trustee and executor at the time of the bringing of the suit, about 14 years after the entering of the decree of distribution of the estate hereinafter referred to. The testatrix, after directing the payment of her just debts, the erection of a monument to her deceased husband, and the making of two bequests not necessary to be mentioned, declared, in the fifth clause of her will:

"All the residue of my estate, of every kind and nature, both real, personal, and mixed, wherever situated, of which I may die possessed, is hereby bequeathed and devised to, and by the court is to be distributed unto Henry W. Earle, Spottswood C. Allen and R. C. Minor, and to the survivor or survivors of them, in trust for the following purposes, namely:.

"1st—To take possession. charge and management of the same and collect the rents, issues, profits and accumulations thereof (save and except that my daughter, Daisy Belle Nicewonger, shall have the use and occupancy of the dwelling house with all of its contents in the city of Stockton, free from all rent).

"2d—To pay annually the entire income or rents, profits and accumulations, after paying all taxes, other legal charges, and the sum of eight hundred dollars per year, which is hereby fixed as the annual compensation for my said trustees collectively when acting as such, to my daughter, Daisy Belle Nicewonger, during her life, and after her death in equal shares to the children of my said daughter, until the youngest of said children shall have reached his or her majority or dies without having reached his or her majority, when the trust herein created is to terminate and the said residue is to be divided and distributed in equal shares to the children of my said daughter or the issue of any deceased child, per stirpes.

"3d—Should my daughter, Daisy Belle Nicewonger, at any time during the continuance of this trust, become a widow or a single woman, then said trust is to immediately cease and terminate and the said residue and the whole thereof distributed to my said daughter.

"4th—In the event that my said daughter dies during coverture leaving no issue, then this trust is to terminate and the said residue of my estate is to be distributed and divided as follows, viz.:

"To my niece, Ida Fenner, of Watertown, New York, the sum of ten thousand dollars;

"To my niece, Ella Haven, of Watertown, New York, the sum of two thousand dollars;

"To my nephew, Estus Bartholomew, of Stockton, California, the sum of three thousand dollars;

"To my niece, Laura Bell Delano, the sum of three thousand dollars;

"And the remainder of said residue, to the extent of ten thousand dollars each (if the same is sufficient therefor) to the children of my brothers, Otis L. White and Necomb White, of Northport, Michigan, in equal parts and shares and not per stirpes; if any residue then remains, the same is hereby bequeathed to my said niece, Ida Fenner, of Watertown, New York, in addition to the sum of ten thousand dollars hereinbefore bequeathed to her.

"The income provided for in this will to be paid to my daughter is made for her exclusive benefit, without any right of assignment by her to any person whatever, and is not to be subject to the claim of any of her creditors."

The bill dismissed showed upon its face that the complainant is one of the children of Otis L. White (one of the brothers of the testatrix named in her will), and that her only child was Daisy Belle Barnhart, who, at the time of the execution of the will was the wife of one Cary Hayes Nicewonger, from whom she was divorced April 8, 1903, the decree of divorce expressly permitting her to resume her maiden name, and that she thereafter remained a single woman until long after the making and entry of the decree of distribution, when she married one Frank Albert Hillman, and thereafter, to wit, on March 17, 1912, died, leaving the latter surviving her, but leaving no issue.

The dismissed bill alleged that the real property of the deceased greatly exceeded in value the amount of all of the bequests named in her will and codicil, and set out in full the decree of distribution, which is as follows:

"In the Superior Court of the State of California in and for the County of San Joaquin.

"In the Matter of the Estate of Elizabeth E. Barnhart, Deceased.

"H. W. Earle, S. C. Allen, and R. C. Minor, the executors of the last will and testament of Elizabeth E. Barnhart, the above deceased, having on the 19th day of April, A. D. 1904, rendered and filed herein a final account and report of their administration of said estate, together with a petition for the final distribution of said estate, and an amendment thereto on April 22, 1904, and the said matters coming on regularly to be heard on the 2d day of May, 1904, proof having been made to the satisfaction of this court that the clerk of this court had given sufficient notice of the settlement of said account and the hearing of said petitions for distribution in the manner and for the time required by law, the court proceeded to the hearing of the same, and, documentary and oral evidence having been received, the hearing was continued until this day.

"And it appearing that said account is for a final settlement and is in all respects true and correct, is supported by proper vouchers, and that the said account is entitled to be allowed and settled as presented; and it appearing that all claims and debts against said decedent and all taxes on said estate, and all debts, expenses, and charges of administration, have been fully paid and discharged, and that said estate is ready for distribution; that said Elizabeth E. Barnhart died testate on the 16th day of May, A. D. 1903, and at the time of her death was a resident of said county of San Joaquin, state of California; that after the due and legal proceedings had been had an order was duly made and given by this court admitting to probate the last will and testament of said deceased, and the probate thereof has never been vacated or set aside; that the only child and sole heir of said Elizabeth E. Barnhart, deceased, is Daisy Belle Barnhart, who at the time of the execution of said will was the wife of Cary Hayes Nicewonger, and known as Daisy Belle Nicewonger; that on the 8th day of April, A. D. 1903, a decree of divorce was duly made, given, and entered by this court in the action of Daisy Belle Nicewonger v. Cary Hayes Nicewonger, dissolving the bonds of matrimony theretofore existing between said Daisy Belle Nicewonger and Cary Hayes Nicewonger, and permitting her to resume her maiden name of Daisy Belle Barnhart; that ever since said 8th day of April, A. D. 1903, said Daisy Belle Barnhart has been and is now a single woman; that the trust created in said will never vested, and became and is now inoperative and of no effect, and the whole of the residue of the estate of Elizabeth E. Barnhart, deceased, should be distributed in severalty to Daisy Belle Barnhart.

"And it further appearing to the satisfaction of the court that the sum of $3,500 has been placed in the hands of said executors to meet any suit that may be brought upon the rejected claim of Cary Hayes Nicewonger, referred to in the report accompanying the final account on file herein; that Daisy Belle Barnhart has assumed all the obligations incurred by said executors in and about the tract of land known as the Barnhart-Sargent reclamation; that all the allegations contained in said report and petitions for distribution are true and correct; and the court being fully advised of its judgment herein:

"It is therefore ordered, adjudged, and decreed that the said account be taken and considered as the final account of said executors, and that the same be, and the same hereby is, settled, allowed, and approved as presented; that all the acts and proceedings of said executors, as appearing on the records hereof, be and the same hereby are approved and confirmed; and the residue of the estate of said Elizabeth E. Barnhart deceased, hereinafter particularly described and now remaining in the hands of said executors, and any other property, not now known or discovered, which may belong to said estate, or in which the said estate may have any interest, be and the same is hereby assigned and distributed to Daisy Belle Barnhart, to have and to hold the same for her own sole and exclusive use, behoof, and benefit, absolutely and forever, and as the sole residuary legatee and devisee of the said Elizabeth E. Barnhart, deceased. [Here follows a recital of the property belonging to the estate.]

"Done in open court this 3d day of May, A. D. 1904.

"W. B. Nutter, Judge."

No fraud of any kind was alleged in the bill as amended, and although it alleged that the executors of the estate failed to give the complainant any notice of the proceedings leading up to the decree of distribution, it expressly alleged that—

"during the years 1903, 1904, and 1905 the statutes of the state of California with reference to probate matters did not provide for the giving or serving of any notice upon heirs or legatees or beneficiaries of testamentary trusts residing out of said state, as to proceedings in probate courts, even though said proceedings attempted to deprive said heirs and legatees and beneficiaries of their property (except possibly by indirection through citation or proceedings to determine heirship); that on the contrary said statutes tended to prevent such nonresidents from having actual knowledge of such proceedings and taking part therein by providing that ten days' notice is sufficient on all hearings, including hearings on petitions for final distribution, and that notice thereof can be given by posting three notices within the county ten days prior to said hearing; that said statutes also attempt to make a decree issued upon such hearing final against all heirs, legatees, and beneficiaries, nonresident as well as resident."

As will be seen from the decree of distribution, the court expressly found from proof made that the notice required by the state law had been duly given. In California there is no statute authorizing any one, by suit inter partes, to assail proceedings in probate, and it was expressly held by the Supreme Court of the state in Toland et al. v. Earl et al., 129 Cal. 148, 61 Pac. 914, 79 Am. St. Rep. 100, that—

"an independent action in equity does not lie in this state to construe a will, whether it involves merely legal questions, or questions relating to the execution of trusts created by the will. It is the province of the superior court which settles the estate of a deceased person to construe the will and the trusts created thereby; and it may exercise all equity powers necessary for a complete administration of the estate, though not authorized in the limited exercise of its probate jurisdiction to determine controversies not within the scope of such administration."

See, also, Mulcahey v. Dow, 131 Cal. 76, 63 Pac. 158; Estate of Davis, 136 Cal. 590, 69 Pac. 412; Wills v. Wills, 166 Cal. 532, 137 Pac. 249.

The contention of the appellant is that this court should undertake to construe the will in question and put a different construction upon subdivisions 3 and 4 of its fifth section, than did the probate court of California—claiming that those two clauses are in irreconcilable conflict, and that therefore the last one should prevail under the rule embodied in section 1321 of the Civil Code of California, which is in these words:

"All the parts of a will are to be construed in relation to each other, and so as, if possible, to form one consistent whole; but, where several parts are absolutely irreconcilable, the latter must prevail."

The court below did undertake to construe the will, and did so in the same way that the California probate court did, both holding in effect that there was no conflict between them, but that they were alternative provisions, and that, as the daughter of the testatrix was a widow and a single woman at the time of the distribution of the estate, the trust immediately terminated, and the whole of the residue of the estate passed to her under the third subdivision of the fifth clause of the will.

There being no law of California authorizing any one, by suit inter partes, to assail the probate proceedings in question, we are of the opinion that this court is, as was the court below, without jurisdiction of the subject-matter of the bill, and therefore that the judgment dismissing it was correct. Sutton v. English, 246 U. S. 199, 38 Sup. Ct. 254, 62 L. Ed. 664; Farrell v. O'Brien, 199 U. S. 110, 25 Sup. Ct. 727, 50 L. Ed. 101, affirming the decision of this court in 125 Fed. 657, 60 C. C. A. 347, under the title Carrau v. O'Calligan et al.

The judgment is affirmed.