LEE v. MINOR et al. *

(Circuit Court of Appeals, Ninth Circuit. February 24, 1920.)

No. 3307.

1. COURTS ⬥262(3)—FEDERAL COURT OF EQUITY WILL ENTERTAIN SUIT FOR RELIEF FROM PROBATE COURT DECREE OBTAINED BY FRAUD.

A suit may be maintained in a federal court of equity for relief from a decree of distribution rendered by a state probate court on allegations that the trustees under the will were attempting to deprive plaintiff of her property, and, in violation of their trust, by their importunities and representations, willfully induced the court to make the decree ex parte, without plaintiff being present or being a party, all of which was well known to the defendant trustee.

2. WILLS ⬥686(1)—BENEFICIARY'S DIVORCE ENTITLED HER TO PROPERTY UNDER PROVISION APPLICABLE, IF SHE BECAME A WIDOW OR SINGLE WOMAN.

Under a will giving property in trust for a daughter for life, and at her death, during coverture without issue, to collateral relatives, but providing that, if she became a widow or a single woman, the whole property should be distributed to her, her divorce from her husband entitled her to the property, though she afterwards remarried.

Ross, Circuit Judge, dissenting in part.

On petition for rehearing. Denied.

For former opinion, see 260 Fed. 700, —— C. C. A. ——.

F. C. Heffron, of Eugene, Or., for appellant.

John H. Miller, of San Francisco, Cal., for appellees.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

HUNT, Circuit Judge. [1] In the motion for rehearing appellant specially invites attention to the second amended complaint in the record, and to the allegations therein that the defendant and the other trustees knew or should have known that plaintiff and other beneficiaries had no notice or knowledge of the hearing on the petition for distribution, or of the matters contained in such petition, or that by said petition and hearing defendant and the other trustees were attempting to deprive plaintiff of her property, and that "in violation of their said trust and their duties thereunder" defendants did "by their importunities and representations willfully induce" the state court to make the "pretended" decree, made ex parte, without plaintiff being present or being a party to the proceedings, all of which was well known to defendant. There is also a further averment that defendant failed to perform his duty by failing to notify plaintiff of her rights as a beneficiary.

We have again considered these averments and a majority of the court believes the facts pleaded sufficient to constitute a cause of action, and that we should recede from the conclusion announced in the original opinion that the federal court was without jurisdiction. This view is reached after re-examining the decisions of the Supreme Court of California, where it is held that an action will lie on the

equity side of the court for relief against a judgment wrongfully made by reason of mistake or extrinsic fraud. In McGavin v. San Francisco P. O. A. Soc., 34 Cal. App. 168, 167 Pac. 182, the earlier cases are reviewed, and it is held that extrinsic fraud or mistake may consist, among other things, of keeping the unsuccessful party away from court by a false promise of a compromise or purposely keeping him in ignorance of the suit. Bacon v. Bacon, 150 Cal. 477, 89 Pac. 317; Benning v. Superior Court, 34 Cal. App. 296, 167 Pac. 291; Campbell v. Campbell, 152 Cal. 208, 92 Pac. 184; Title Insurance & Trust Co. v. Cal. D. Co., 171 Cal. 173, 152 Pac. 542; People v. Norris, 144 Cal. 422, 77 Pac. 998.

[2] We are in accord, however, in the view that the contention of appellant that the decree of distribution made by the superior court of the state is void as to her, because she had no notice of the hearing of the petition, cannot avail appellant; for considering that appellant was a resident of North Dakota, and assuming that the notice given was not reasonable or sufficient, we are of the opinion that the complaint of appellant fails to show that she had any rights under the will.

Construction of the contingencies of the will is not specially difficult. If at the time of distribution Daisy Belle was a widow or single, then the trust would terminate and she was to take in fee. The testatrix had in mind either the death of C. H. Nicewonger, in which event Daisy would become a widow, or that she might be divorced, in which event she would become a single woman. On the other hand, if Daisy should not have been divorced when distribution was decreed, and if she had died during coverture and left no issue, then the trust would have terminated, and distribution would have been had to collateral heirs, of whom appellant was one. Daisy, however, was divorced and was living as a single person when final distribution was had. The fact that after distribution she married again, and while in coverture died without issue, is immaterial, and became a circumstance not provided for by the will. Section 1345, Civ. Code Cal.; In re Rogers, 94 Cal. 526, 29 Pac. 962; section 871, Civ. Code Cal. Under the situation which existed at the time of distribution, the state court could not have refused to proceed on the ground that Daisy might marry again and thereafter die during marriage.

We therefore believe the District Court was right in its construction of the will, and in ordering the suit dismissed.

Rehearing denied.

ROSS, Circuit Judge (concurring in the denial of the petition). As the sole purpose of the bill in this case was to obtain a construction by the federal court of the will of the deceased, contrary to the construction placed upon it by the probate court of the state, the inapplicability of the main case relied upon in the petition for rehearing, namely, Bacon v. Bacon, 150 Cal. 477, 89 Pac. 317, cannot be more plainly shown than by stating its facts, which were these:

In 1893 Henry D. Bacon died, leaving surviving him his widow, Julia A. Bacon, and three children, two daughters and a son, named

Frank Page Bacon, and also leaving a will by the terms of which the bulk of his property, after the payment of his debts, was bequeathed to the three children by this clause:

"If my said estate is worth as much as two hundred and fifty thousand dollars at my death after payment of liabilities as aforesaid, I desire that my legal representatives shall pay to the wife of my said son Frank [she being the plaintiff in the case] the sum of ten thousand dollars, and to the husband or husbands of my said daughters Ella Etta and Carrie Jennie each the sum of ten thousand dollars."

At the time of the execution of the will the plaintiff was the wife of the son Frank, and, the estate being worth more than $250,000, she was therefore entitled to the legacy of $10,000. The will was admitted to probate, and the children were appointed executor and executrices of the will, and duly qualified and acted as such. Intermediate the testator's death and the probating of the will, the children and other parties interested, except the plaintiff in the case, met for the purpose of reading the will, and in reading it by mistake the word "ten" was read as "two" where it occurred in the above-quoted clause. That mistake was carried into all the subsequent proceedings, not having been perceived by any one concerned in the administration. A decree of final distribution of the estate was made, reciting the said legacy to the plaintiff as being one of $2,000, declaring its full payment (plaintiff having accepted it and receipted therefor in full, and all of the parties concerned then believing that each of the legacies was for $2,000 only), and distributing the residue to a certain corporation to which the other legatees had theretofore conveyed their respective interests in exchange for a proportionate amount of the corporate stock.

The suit was brought by the wife of Frank Page Bacon against the residuary legatees, as well as the said corporation, and widow of the testator, to obtain a judgment declaring that the legacy bequeathed to the plaintiff by the will was $10,000, and to recover the unpaid $8,000 thereof, with interest; the complaint being based upon the mistake, and also upon alleged fraud.

Manifestly the recovery of property received under a final decree of distribution through a mistake, or through the fraud, of the parties interested, by means of an independent suit, is wholly different from a suit, such as was the present one, to secure a decree of a federal court undertaking to substitute its legal construction of the will of a deceased person, contrary to the construction placed upon it by the probate court of the state having, under the laws of the state, sole jurisdiction of the matter.

In the case of Toland v. Earl, 129 Cal. 148, 61 Pac. 914, 79 Am. St. Rep. 100, expressly referred to in the subsequent case of Bacon v. Bacon, supra, without disapproval, Justice Temple, delivering the opinion of Department 2 of the Supreme Court of California, concurred in by Justices McFarland and Henshaw, and subsequently approved by the whole court by the denial of a petition for a hearing of it in banc, held in effect that an independent action in equity does not lie in California to construe a will, whether it involves merely legal

questions or questions relating to the execution of trusts created by the will; that it was the province of the superior court, which settles the estate of a deceased person, to construe the will and the trusts created thereby; and that any such action in equity, brought in the same court, other than that branch thereof having exclusive jurisdiction over the estates of deceased persons, to obtain a construction of a will, cannot be entertained, and that any judgment rendered therein would be void. No case has been cited, and I have found none, in the Supreme Court of California, holding to the contrary.

Turning to the Supreme, Court of the United States, the principles controlling the federal courts in such matters will be seen from the case of Sutton v. English, 246 U. S. 199, 205, 38 Sup. Ct. 254, 256 (62 L. Ed. 664), where it is said:

"By a series of decisions in this court it has been established that, since it does not pertain to the general jurisdiction of a court of equity to set aside a will, or the probate thereof, or to administer upon the estates of decedents in rem, matters 'of this character are not within the ordinary equity jurisdiction of the federal courts; that as the authority to make wills is derived from the states, and the requirement of probate is but a regulation to make a will effective, matters of strict probate are not within the jurisdiction of courts of the United States; that where a state, by statute or custom, gives to parties interested the right to bring an action or suit inter partes, either at law or in equity, to annul a will or to set aside the probate, the courts of the United States, where diversity of citizenship and a sufficient amount in controversy appear, can enforce the same remedy, but that this relates only to independent suits, and not to procedure merely incidental or ancillary to the probate, and, further, that questions relating to the interests of heirs, devisees, or legatees, or trusts affecting such interests, which may be determined without interfering with probate' or assuming general administration, are within the jurisdiction of the federal courts where diversity of citizenship exists and the requisite amount is in controversy. Broderick's Will, 21 Wall. 503, 509, 512 [22 L. Ed. 599]; Ellis v. Davis, 109 U. S. 485, 494, et seq. [3 Sup. Ct. 327, 27 L. Ed. 1006]; Farrell v. O'Brien, 199 U. S. 89, 110 [25 Sup. Ct. 727. 50 L. Ed. 101]; Waterman v. Canal-Louisiana Bank Co., 215 U. S. 33, 43 [30 Sup. Ct. 10, 54 L. Ed. 80]."

And in Waterman v. Canal-Louisiana Bank Co., last above referred to, the court said (215 U. S. at page 43, 30 Sup. Ct. 12 [54 L. Ed. 80]):

"The rule stated in many cases in this court affirms the jurisdiction of the federal courts to give relief of the nature stated, notwithstanding the statutes of the state undertake to give to state probate courts exclusive jurisdiction over all matters concerning the settlement of accounts of executors and administrators in the distribution of estates. This rule is subject to certain qualifications, which we may now notice. The courts of the United States, while they may exercise the jurisdiction, and may make decrees binding upon the parties, cannot seize and control the property which is in the possession of the state court. In Byers v. McAuley [149 U. S. 608, 13 Sup. Ct. 906, 37 L. Ed. 867], supra, the rule was thus tersely stated by Mr. Justice Brewer, delivering the opinion of the court: 'A citizen of another state may establish a debt against the estate. Yonley v. Lavender, 21 Wall. 276 [22 L. Ed. 536]; Hess v. Reynolds, 113 U. S. 73 [5 Sup. Ct. 377, 28 L. Ed. 927]. But the debt thus established must take its place and share of the estate as administered by the probate court; and it cannot be enforced by process directly against the property of the decedent. Yonley v. Lavender, supra. In like manner a distributee, citizen of another state, may establish his

right to a share in the estate, and enforce such adjudication against the administrator personally, or his sureties (Payne v. Hook, 7 Wall. 425 [19 L. Ed. 260]), or against any other parties subject to liability (Borer v. Chapman, 119 U. S. 587 [7 Sup. Ct. 342, 30 L. Ed. 532]), or in other way which does not disturb the possession of the property by the state court. See the many cases heretofore cited.'

"In a late case, where the subject was given consideration in this court (Farrell v. O'Brien, 199 U. S. 89 [25 Sup. Ct. 727, 50 L. Ed. 101]), while the rule of the earlier cases was stated and their binding force admitted, it was laid down that the Circuit Court of the United States could not entertain jurisdiction of a bill to set aside the probate of a will in the state of Washington, because by the statutes of that state the proceeding was purely in rem and not a suit inter partes, sustainable in a court of equity. That case recognized, what previous cases had held, that in proceedings purely of a probate character there was no jurisdiction in the federal courts. This was in harmony with the rule theretofore laid down in Byers v. McAuley, supra, in which it was held that the federal court could not exercise original jurisdiction to draw to itself the entire settlement of the estate of the decedent and the accounts of administration, or the power to determine all claims against the estate. But it was there decided that a Circuit Court of the United States could entertain jurisdiction in favor of citizens of other states to determine and award by decrees binding in personam their shares in the estates.

"In view of the cases cited, and the rules thus established, it is evident that the bill in this case goes too far in asking to have an accounting of the estate, such as can only be had in the probate court having jurisdiction of the matter; for it is the result of the cases that, in so far as the probate administration of the estate is concerned in the payment of debts and the settlement of the accounts by the executor or administrator, the jurisdiction of the probate court may not be interfered with. It is also true, as was held in the court below in the case at bar, that the prior possession of the state probate court cannot be interfered with by the decree of the federal court. Still we think there is an aspect of this case within the federal jurisdiction, and for which relief may be granted to the complainant, if she makes out the allegations of her bill under the other prayers, and the prayer for general relief therein contained. Under such prayer a court of equity will shape its decree according to the equity of the case. Walden v. Bodley, 14 Pet. 156, 164 [10 L. Ed. 398]."

I regard it as clear that, under the true doctrine announced in the cases above cited, the District Court had no jurisdiction of the suit brought therein, seeking a construction of the will of the deceased contrary to the construction placed thereon by that department of the state court having exclusive jurisdiction of the estates of deceased persons.