## McCRORY v. HARP et al.

### No. 25.

District Court, W. D. Louisiana, Shreveport Division.

Feb. 9, 1940.

S. D. Hopkins, of Corpus Christi, Tex., for plaintiff.

Lee & Lee, of Shreveport, La., for defendants A. B. Harp and Mrs. Elizabeth Cubberly Harp.

H. W. Bethard, Jr. of Coushatta, La., for defendant Mrs. Evelyn Harp Browne.

PORTERIE, District Judge.

In this action the plaintiff, alleging that she is one of the three children of Mrs. Mary A. Harp, deceased, brings suit to set aside a sale under foreclosure of certain real estate located in the parish of DeSoto, state of Louisiana, forming a part of the estate of Mrs. Mary A. Harp, which property petitioner avers was sold under mortgage foreclosure instituted by Earl H. Browne, her brother-in-law (husband of a sister) and Mrs. Elizabeth Cubberly Harp, a sister-in-law (wife of a brother). Petitioner claims further that the foreclosure proceedings were based upon notes and a mortgage to secure the same, given by Mrs. Mary A. Harp in favor of the Union Central Life Insurance Company to cover a loan made by the insurance company to the decedent, which notes petitioner alleges were assigned, by an attorney of the Union Central Life Insurance Company, to the said Browne and to the said Mrs. Elizabeth Harp, after the notes had been paid by A. B. Harp, executor of the estate of Mrs. Harp, with funds belonging to the estate. It is alleged, consequently, that the sale is a nullity and that petitioner is entitled to have it so decreed and that an accounting should follow of all the rents and revenues received from the property by E. H. Browne and his widow and heirs (he having died subsequent to the mortgage foreclosure) and Mrs. Elizabeth Harp, from the time of the mortgage foreclosure to date. Petitioner also shows that the said A. B. Harp, executor of the estate of Mrs. Mary A. Harp, was placed in possession of the properties belonging to the estate upon qualifying as executor and that he has. lived upon the properties, cultivated them and received the revenues, without accounting, and petitioner prays that he be ordered to account for all revenues received from the properties subsequent to the date of qualifying as executor.

The several defendants filed motions to dismiss.

A. B. Harp, as executor, bases his motion upon the lack of jurisdiction in this court to afford the relief prayed for insofar as he is concerned. His contention is that, as shown by the allegations of the petition and supported by proof at the trial of the motion, the estate of Mrs. Mary A. Harp is still in the process of administration in the district court for DeSoto parish, Louisiana, and has been in possession of the executor since the succession of Mrs. Mary A. Harp was opened, her will probated, and mover qualified as executor; that the duty of the executor to account for his administration is purely a matter within the jurisdiction of the state court in which the succession proceedings are pending; that the federal court has no jurisdiction over probate matters and may not interfere with the state courts in purely administrative phases.

Mrs. Elizabeth Cubberly Harp, the wife of A. B. Harp, joined as a defendant in the case because of being the co-purchaser with Browne of the property involved, moves to dismiss on several grounds. She alleges that in the foreclosure proceedings in the state court, plaintiff herein was made a party defendant through a curator ad hoc, and that prior to the foreclosure sale, viz., on January 20, 1937, plaintiff took personal and judicial cognizance of the proceedings and the sale to be made thereunder by filing an application in the

state court for an injunction to arrest the sale, setting forth therein the same grounds now urged by plaintiff in this court to show fraud on her rights as an heir.

Further, the motion to dismiss asserts that the fraud, if any, was discovered by plaintiff more than a year prior to the filing of this action; that her allegations assert that she discovered the fraud in the year 1936 and her suit in the federal court is filed November 19, 1938; that under Louisiana Code of Practice, arts. 613, 575 and 738, plaintiff's action is barred.

Mrs. Evelyn Browne and her children, who were made parties defendant, as widow in community and sole heirs of E. H. Browne—the latter having purchased a one-half interest in the property at the sheriff's sale under the mortgage foreclosure—move to dismiss on the following grounds:

(a) This court is without jurisdiction for the reason that the foreclosure proceedings were founded on a judgment (order of executory process) of the district court of DeSoto parish, Louisiana, on or about November 25, 1936, in which plaintiff was a party defendant, and of which she took cognizance by filing an application for an injunction to arrest the sale.

(b) The nullity of the said judgment (order of executory process) cannot be sought by the plaintiff in this court because (1) The only court possessing jurisdiction to annul the judgment is the court which rendered the judgment (order), namely, the district court of DeSoto parish, and (2) There are no federal questions involved.

(c) To annul a judgment under Louisiana law, plaintiff must allege that the fraud complained of was discovered within one year prior to the commencement of the action; that this case was filed on November 19, 1938, and plaintiff admits the fraud was discovered by her during the year 1936.

(d) The claimant is claiming as legatee under a will without the allegation that she has been recognized under the will by a competent court, and without a showing that the estate is sufficiently solvent to permit the legacy to be paid.

The court will consider the motions to dismiss together, as they are based essentially on the same grounds.

Generally, federal courts have no original jurisdiction in respect of the administration of a deceased person's estate. See cases under note 124, Sec. 41, Title 28, U.S.C.A.

A federal court of equity is without jurisdiction to take over and assume control of the general administration of the estate of a decedent already in process of administration by a probate court of the state. Perkins v. Warburton, D.C. Md., 1922, 4 F.2d 742.

Federal jurisdiction will not be exercised when the state court of concurrent jurisdiction has taken possession of the subject matter of the controversy. Ball v. Thompkins, C.C.Mich., 1890, 41 F. 486.

The Louisiana Civil Code, art. 1191, provides that administrators and executors "shall, at least once in every twelve months, render to the court from which they received their appointment a full, fair and perfect account of their administration, and on failure so to do, shall be dismissed from office and pay ten per cent. per annum interest on all sums for which they may be responsible from the date of the expiration of the twelve months aforesaid. The judgment homologating the account shall be prima facie evidence of the correctness of the amount homologated."

It would seem obvious, therefore, that the motion to dismiss on the ground that A. B. Harp, as testamentary executor, cannot be compelled by a federal court to render an accounting, a purely administrative function, must be sustained.

The court must now approach the question as to whether or not the other items of the prayer of plaintiff may find jurisdiction in a federal court.

In the leading case of Swann v. Austell, D.C., 253 F. 807, affirmed 5 Cir., 261 F. 465, we find, 253 F. at page 809: "* * * it is well understood that federal courts will not interfere in the administration of estates of decedents, where it is necessary for the court, through its officers, to lay its hands in any way upon the property, or to interfere with the actual administration of the estate. Where a case is made inter partes, the necessary diversity of citizenship and the jurisdictional amount existing, a federal court can hear a case looking to the *determination of the rights* of the plaintiff in and to the property of the estate of a deceased person, *without interfering in any way with*

*the possession of the property or the management of the estate.* I have reached the conclusion that a decree could be entered in this case determining the rights of the plaintiff, in the event the court should agree with him about the same, and should conclude that he is entitled to recover against the defendants on the case here made by him." (Italics supplied.)

See, also, Spencer v. Watkins, 169 F. 379, 94 C.C.A. 659, certiorari denied, 215 U.S. 605, 30 S.Ct. 406, 54 L.Ed. 346; Lee v. Minor, 9 Cir., 263 F. 507, denying rehearing, 9 Cir., 260 F. 700, 171 C.C.A. 438, certiorari denied, 253 U.S. 488, 40 S. Ct. 485, 64 L.Ed. 1027; Harrison v. Moncravie, 8 Cir., 264 F. 776, appeal dismissed Van Tine v. Moncravie, 255 U.S. 562, 41 S.Ct. 374, 65 L.Ed. 787.

Tried by the test exemplified by the above cases, is the probate court in possession of the real estate in question?

■ There is proof of the succession having been opened, the will having been probated, a testamentary executor having qualified upon appointment, letters testamentary evidencing the executorship having been issued since the 31st of October, 1931, and that the said estate is currently being administered. Further proof is that the plaintiff herself has known of the administration (the executor being her brother) because she filed her own injunction suit against the foreclosure of the mortgage. It would seem, therefore, that, though there be jurisdiction concurrent in the state and federal courts, the corpus of the succession being in the lap of the state court and in process of administration, the federal court cannot take jurisdiction. The rule is that in probate matters, as elsewhere, the court which has first acquired possession of the subject will retain it and the power to dispose of it by its own adjudication.

The venerable case of Williams v. Benedict, 1850, 8 How. 107, at page 112, 49 U. S. 107, at page 112, 12 L.Ed. 1007, says: "The jurisdiction of that court has attached to the assets; they are in gremio legis. And if the marshal were permitted to seize them under an execution, it would not only cause manifest injustice to be done to the rights of others, but be the occasion of an unpleasant conflict between courts of separate and independent jurisdiction."

A more youthful case (1918) is the one of Sutton et al. v. English et al., 246 U.S. 199, 38 S.Ct. 254, 62 L.Ed. 664, part of the syllabus reading as follows: "Article 5699 [Vernon's Ann.Civ.St. art. 5534] authorizes any interested person to institute suit in the proper court to contest the validity of a probated will. Held, that a suit by the heirs of a husband and wife to have a joint will treated as ineffective to dispose of the community property, to set aside a judgment establishing the title of trustees under such will, to annul a separate will of the wife, so far as it bequeathed her residuary estate, and for a partition of the property, was not within the jurisdiction of a federal court, since, assuming that the other relief could be obtained by an independent suit in equity in the state district court, the suit, so far as it sought to annul the will of the wife, was merely supplemental to the proceedings for the probate of the will, and cognizable only by the probate court under the Texas decisions."

■ When plaintiff is denied jurisdiction in this court she is not left without remedy. From the previous Louisiana law quoted, annual accounting must be made by the executor, to be followed eventually by a final account, accompanied by a petition for discharge. La.Civil Code, Arts. 1191, 1194. She could oppose at time of filing of final account, accompanied by prayer for discharge.

The court has made close scrutiny of both petitions of plaintiff: the one filed in the Eleventh Judicial District Court, Parish of DeSoto, Louisiana, seeking permanent injunction of the sale of part of the property of the estate; and the one filed by the plaintiff in the federal court, and as to which there are the motions to dismiss. Every item of complaint and every allegation of fraud contained in the state petition are contained in the federal petition. The court believes that the facts alleged in both petitions involve administration of the estate—in their essence, a maladministration of the estate. The plaintiff filed her petition in the state court on the 20th day of January, 1937, and the district judge issued a rule against the defendants to show cause on the 23d day of January, 1937, why a preliminary writ of injunction should not issue as prayed for by plaintiff. The record discloses that plaintiff did not pursue her state suit on the day that the rule came for hearing. She has abandoned a full and complete administrative remedy afforded by the state courts. The sale of the property then fol-

lowed, which she now claims was fraudulent.

She is precluded now from invoking federal jurisdiction in a matter wherein state relief, once invoked, was foregone—especially when the subject, to begin with, is purely administrative in character.

To make doubly sure that plaintiff is not done an injustice by the above ruling, we shall pretermit the finding as above, admit jurisdiction in the federal court, and then inquire whether or not plaintiff has a cause of action, in the manner presented, under the laws of the state of Louisiana.

The defendants allege a number of requisites of Louisiana law as wanting in the petition of the plaintiff in the federal court. Of the number, the court finds two of them to be essential requirements. Thus, a ruling on the others is obviated.

We now mention and speak of the two:

■ (a) The practice laws of the state of Louisiana very clearly provide that the institution of suit seeking the declaration of the nullity of a judgment because of fraud must be within one year from the discovery of the fraud. The state suit of plaintiff was filed on January 20, 1937. It discloses full and itemized knowledge of the supposed fraud. The suit in the federal court is filed on November 19, 1938, more than a year later.

The article of the Code of Practice applicable is No. 613, as follows: "When a judgment has been obtained through fraud on the part of the plaintiff, or because the defendant had lost or mislaid the receipt given to him by the plaintiff, the action for annulling such judgment must be brought within the year after the fraud has been discovered, or the receipt found."

Before Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, state statutes of limitation were considered encompassed by the Rules of Decisions Act (R.S. § 721, U.S.C., tit. 28, § 725, 28 U.S.C.A. § 725). The Supreme Court in Bauserman v. Blunt, 147 U.S. 647, 13 S.Ct. 466, 37 L.Ed. 316, said: "* * * No laws of the several states have been more steadfastly or more often recognized by this court, from the beginning, as rules of decision in the courts of the United States, than statutes of limitations of actions, real and personal, as enacted by the legislature of a state, and as construed by its highest court."

147 U.S. at page 652, 13 S.Ct. at page 468, 37 L.Ed. 316.

■ The federal courts have consistently applied state statutes of limitation, except in the cases where particular federal statutes provided otherwise. The case of Balkam v. Woodstock Iron Co., 1894, 154 U.S. 177, 14 S.Ct. 1010, 38 L.Ed. 953 is particularly in point here.

Since the doctrine of Erie R. Co. v. Tompkins, supra, we are of the view that this previous legal recognition becomes the more firmly established. Therefore, we must apply the Louisiana law of prescription (limitation, at common law).

■ (b) It is the substantive law of the state of Louisiana that the petition for a preliminary writ, seeking the injunction of a public seizure and sale of property through executory process, must contain the points which do not appear from the bare documents themselves on which are to be based the relief. Plaintiff did this in her suit in the state court and then, for some reason or other, abandoned her case on the date fixed for trial of the rule nisi, as to whether or not preliminary injunction would issue. No appeal was taken.

■ In her petition in the federal court she does not allege the fact that she had ever entered the state court upon the same subject matter. It is only at the hearing on the motions to dismiss that a certified copy of the state suit, order of the court for a rule, etc., appear. She could have taken an appeal even after having abandoned the suit as, under Louisiana law, "an order by virtue of which a writ of seizure and sale may issue is in so far a judgment as that an appeal will lie." Borah & Landen v. O'Niell, 121 La. 733, 46 So. 788, at page 794; see, also, Barrow v. Caffery, 161 La. 778, 109 So. 488. It is a judgment insofar as the particular property involved.

[■ The laws of Louisiana make the petition for the injunction in legal effect an answer to the petition for foreclosure under executory process. See Parks v. Hughes, 157 La. 914, 103 So. 261. The Supreme Court of Louisiana in Huber v. Jennings-Haywood Oil Syndicate, 111 La. 747, 35 So. 889, said: "An order of seizure and sale is not a judgment in the full sense of that term, but it is a decree of a court in aid of the execution of an obligation which, by law, is given the effect of a judgment quoad the particular property to which it

refers, and it is a judgment in so far that an appeal will lie therefrom for the review of the question of the sufficiency of the evidence on which it is based, whilst a remedy by injunction is provided where other objections are relied on. Hence, where the party proceeded against neglects either to appeal or enjoin, and allows the property to be sold and resold, he cannot thereafter attack the proceedings and the title thus acquired in an action of nullity predicated upon matters within the remedies so neglected." Syllabus by the Court, No. 7.

No appeal of any kind being taken after the abandonment of the suit, the sale was had as upon a judgment, and more than a year elapsed before plaintiff enters the federal court, seeking, on account of fraud, a setting aside of the sale, based upon the judgment.

■ Applying the state law, it would seem to this court quite clearly and definitely that, because of the reasons (a) and (b), singly and cumulatively, whatever rights plaintiff had she let expire through her own want of action and through delay.

All motions to dismiss must be sustained and judgment will be signed accordingly.